[No. 10079.    Department Two.    March 18, 1912.]

MARIE HARDER *et al.*, *Appellants*, v. ALDRIDGE A. MATTHEWS, *Respondent.*[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  A pedestrian hurrying diagonally across a busy street to catch a street car on the opposite side of the street, is guilty of contributory negligence, as a matter of law, preventing recovery for damages from being struck by an automobile going in the opposite direction, where it appears that she left the curb 150 feet from the crossing, near a standing express wagon which obstructed her view of approaching vehicles, that she walked from behind the express wagon and stepped in front of the approaching automobile without seeing it, and the driver did not see her until she was struck, notwithstanding that the automobile was being driven at the rate of 25 miles an hour.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered September 14, 1911, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for injuries sustained in a collision with an automobile.    Affirmed.

*Laughon, Lavin & Fitzgerald,* for appellants.
*Graves, Kizer & Graves,* for respondent.

MOUNT, J.—Action for personal injuries.  The trial court, at the close of the evidence for the plaintiff, directed a ver-

[1]Reported in 121 Pac. 983.

dict for the defendant, upon the ground that the plaintiff Marie Harder was guilty of contributory negligence on account of which she was injured. The action was therefore dismissed. Plaintiffs have appealed.

Mrs. Harder was struck by an automobile which was being driven by the defendant. Just prior to her injury, she was walking along the sidewalk upon the north side of Sprague avenue, in the city of Spokane. This avenue runs east and west. It is intersected at right angles by Madison street to the west, and by Monroe street to the east. The distance between Madison and Monroe streets is about 600 feet on Sprague avenue. Mrs. Harder, on the evening of January 28, 1911, was walking east, on the sidewalk on the north side of Sprague avenue. When she reached about the middle of the block between Madison and Monroe streets, she looked back and saw a street car coming east on Sprague avenue. The car stopped on the east side of Madison street. She desired to get on the car. She knew it would stop on the east side of Monroe street to take passengers there, and she knew that she would have to hurry to reach the south side of Sprague avenue and the east side of Monroe street in order to catch the car. She attempted to cross Sprague avenue in a diagonal or southeasterly direction from a point about 150 feet west from Monroe street. Sprague avenue at that time, the witnesses say, "was a busy street;" meaning that there were a number of vehicles of different kinds passing in each direction upon the street. The city ordinance required vehicles traveling west upon that street to keep to the north side of the street, while those traveling east were required to keep on the south side. When Mrs. Harder started to cross the street, she says she looked east and saw no vehicles coming. An express wagon was standing near the sidewalk curb on the north side. This express wagon was a short distance away from her. Boxes and trunks were being loaded upon it, and it obstructed her view of the street beyond to the eastward. When she came within a short distance of the

express wagon, somewhere between seven and twelve feet, she started diagonally across the street, looking toward the street car. At that time, the defendant was driving west in his automobile along Sprague avenue. He ran within two or three feet of the express wagon, the witnesses say, at about the rate of twenty-five miles per hour. Mrs. Harder did not see the automobile, and the defendant did not see Mrs. Harder until after the accident. The result was that Mrs. Harder was struck by the auto upon her right knee, and was injured.

It is apparent that Mrs. Harder was guilty of negligence which caused her injury. She was attempting to cross a busy street at a place where pedestrians were not supposed to cross. She was looking in a direction nearly opposite to the direction she was going. She walked no doubt rapidly, for she was hurrying to catch a car. She emerged from behind an express wagon into the path of vehicles, without looking for approaching vehicles. Her negligence is manifest. She no doubt had a right to cross the street at any place she chose, but when she attempted to cross at a point other than one provided for pedestrians she was required to use greater care than when she crossed at a point provided for pedestrians, and where drivers of vehicles are required to be on the look out for pedestrians. For a much stronger reason, when she walked out from behind the express wagon where she could not see approaching vehicles, and where drivers thereof could not see her, and where she knew that vehicles were likely to approach, it was her plain duty, in the exercise of ordinary care in emerging therefrom, to look in the direction she was going. If she had done this, she would have seen the defendant and no doubt have avoided the injury. Her own negligence prevents her recovery, even though the auto was being driven at the rate of twenty-five miles per hour, as the plaintiffs endeavored to prove by evidence which is far from satisfactory. This rule is well es-

tablished. *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51, and cases there cited.

The judgment is affirmed.

MORRIS and ELLIS, JJ., concur.