[No. 16020.   Department Two.   January 3, 1921.]

FLORENCE ELMBERG, *Respondent*, v. CHESTER B. PIELOW *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS (379, 389)—USE OF STREETS—NEGLIGENCE —VIOLATION OF ORDINANCE—RIGHT OF WAY. When a city ordinance gives pedestrians the right of way at cross-walks, the driver of an automobile is liable for striking a pedestrian crossing the street and waiting on the cross-walk for a street car to pass, where he saw the plaintiff and could have stopped his car, but assumed she would give room to pass and endeavored to pass her without sounding his horn or giving any signal.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,089 for personal injuries is not excessive where plaintiff suffered considerable shock when struck by an automobile, must bear a scar on her chin for life, and lost four front teeth.

Appeal from a judgment of the superior court for King county, French, J., entered April 29, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through an automobile collision. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*Totten & Totten,* for respondent.

TOLMAN, J.—This action was brought by respondent, as plaintiff, to recover from appellants, as defendants, damages flowing from personal injuries alleged to have been sustained by reason of having been struck by appellants' automobile. The case was tried to a jury

[1]Reported in 194 Pac. 549.

which found a verdict in respondent's favor for $1,089. This appeal is from a judgment entered on the verdict.

The facts, admitted and disputed, which may be said to be fairly established by the verdict, are substantially as follows: Respondent, a young woman twenty-one years of age at the time of the accident, left her home on Harvard avenue, in the city of Seattle, about 9 o'clock in the evening, and walked southward on the east side of the avenue to Pike street, for the purpose of boarding an east-bound street car. When she reached the north line of Pike street, she observed a street car coming from the east about a block distant. She looked in both directions for other traffic and, seeing none, stepped from the curb and proceeded to cross Pike street. As she did so the motorman in charge of the approaching street car, sounded his gong vigorously, and though she felt that she might pass in safety before it reached her, yet out of an abundance of caution, she halted her progress and took a leisurely forward step or two, watching the car as it approached, and watching also for other traffic of which she still saw none. As the street car neared her, going some five miles per hour, appellant Chester B. Pielow, driving his automobile on the north side of Pike street, approached from the same direction as the street car and slightly behind it. He saw respondent when he was at least twenty-five feet distant from her, and traveling at about ten miles per hour could easily have stopped, but seeing that respondent had looked toward him he assumed that she saw him, and would permit him to pass between her and the street car. Traveling twice as fast as the street car, he attempted to do so without sounding his horn, or giving any warning of his approach. Respondent was struck either by the right-hand front of

the automobile, or, as appellant asserts, unconscious of
the automobile, she stepped forward and was struck by
the rear of the machine as it passed her, and thus re-
ceived the injuries complained of.

Appellants assign error upon the refusal of the trial
court to grant a nonsuit, and upon giving and refusal
of certain instructions, but all of these assignments of
error, as we view the case, involve practically the same
question, *i. e.,* respondent being upon the cross-walk in
the act of crossing the street, and having the right of
way under the city ordinance, was it her duty to see
and avoid the approaching automobile, or was appel-
lant Pielow bound to give sufficient warning and to
avoid coming within striking distance of respondent
while she was using the cross-walk in an orderly and
reasonable manner? We can see no difference in prin-
ciple between this case and the case of *Olsen v. Peer-
less Laundry,* 111 Wash. 660, 191 Pac. 756. True the
driver here may have had more reason to believe that
respondent saw him, but he was the only witness who
testified to any fact that might give rise to such a be-
lief. He was an interested witness and the question
was one of fact for the jury. It was said in *Olsen v.
Peerless Laundry, supra:*

"Again, there was introduced in evidence an ordi-
nance of the city of Seattle which expressly gave to
pedestrians the right of way at street intersections. It
may be difficult to lay down any fixed rule showing
just what rights and privileges this right of way may
give to pedestrians or take from the drivers of auto-
mobiles. It certainly does not mean that the driver
of a truck or automobile would have the right to use
the intersection without any regard for the rights of
the pedestrians, or in such manner as would require
the latter, as a matter of right, to stop and yield the
right of way."

a doctrine which we desire to reaffirm and emphasize. All too frequently, pedestrians are injured by automobiles and when the subject is covered by ordinance, as here, we have tried to make plain that the automobile driver has the right of way between street intersections and, when the accident occurs at such a place, the burden is upon the pedestrian to show that he used every reasonable care for his safety. *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866. While on the contrary, when the accident occurs at street intersections, the pedestrian has the right of way and the burden is on the driver to establish that he used every reasonable care to avoid inflicting the injury. The trial court appears to have had these cases in mind, and his instructions were as favorable to appellants as the rule will permit.

It is also urged that the verdict was excessive; but we cannot so hold. The respondent suffered considerable pain and shock, must bear a scar on her chin (though not a badly disfiguring one), through life, and by the loss of four front teeth was put to the expense of having them replaced artificially, which work will have to be renewed from time to time, and the evidence shows that they will not give her the comfort or service of the natural teeth which she lost.

Finding no error the judgment is affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.