[No. 22506.   Department Two.   November 3, 1930.]

HAAKON FREDERICKS, *Respondent,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

A. C. *Van Soelen, Thos. N. Swale,* and *E. I. Jones,*
for appellant.

*Poe, Falknor, Falknor & Emory,* for respondent.

[1]Reported in 292 Pac. 427.

FULLERTON, J.—In this action the respondent Fredericks recovered against the appellant city of Seattle, for personal injuries arising out of a collision between an automobile truck driven by him and a street car owned and operated by the appellant. The city appeals from the judgment entered against it.

Westlake avenue is a public street of the city of Seattle. At the place of the accident in question, it extends approximately north and south. North from the scene of the accident it is straight for a distance stated to be between four hundred and five hundred feet. It is paved into two roadways parallelling each other, six feet apart. Each of the paved ways is twenty feet wide. On the east of the easterly pavement, is a concrete curb some two feet in height, extending along the edge of the pavement. To the east of the curb and paralleling it, are double tracks of the appellant's street railway system. The inner one of the tracks, or the track nearest the curb, is about six feet from the curb. The street and the railway tracks follow the western shore line of Lake Union. Between the railway tracks and the waters of the lake, are a number of business houses, one of which is known as the Grandy Boat Co., which operates a boat house. That vehicles might reach the place named from the paved highway, the curb had been cut away for a short distance, and planks had been laid on the ties between the rails of the street car tracks so as to form a roadway across them.

The respondent for a number of years has been engaged in the transfer business in the city of Seattle. On the day of the accident, he was employed to haul a load of lumber from a sawmill to the Grandy Boat Co. The direction of the haul was south, and he proceeded over the western track of the street pavement

mentioned. As he neared the place of delivery, he turned onto the space between the paved tracks, waited in that position until the street traffic cleared, and then turned the truck in a southwesterly direction so as to put it in a position from which it could be backed across the inner street pavement, through the cut in the curb, across the street car tracks, and on to the boat house.

The truck was twenty feet long from bumper to bumper, and the load extended back from the rear end of the truck for a distance of some eight feet. To back the truck through the cut in the curb and over the planking on the railway tracks from an angling position required the respondent to give close attention to its movements, leaving him little or no opportunity to observe the surroundings. After he had backed the truck to a position where the end of his protruding load was some eight feet from the inner rail of the street car tracks, he stopped the truck to look for on-coming street cars. Seeing none approaching, he continued to back. He did not look again for street cars, but gave all of his attention to the movement of the truck to see that it took the crossing properly. As the end of the load reached the street car track, it was struck by an on-coming street car. The effect of the blow was to push certain of the boards forward against the cab of the truck, moving the back of the cab forward and pinning the respondent between it and the steering wheel.

The appellant, at appropriate stages of the trial, interposed challenges to the sufficiency of the evidence to sustain a verdict against it, and assigns as error the refusal of the trial court to sustain some one of these challenges. It is contended that the evidence shows that the respondent was guilty of contributory negligence and that the court should so have adjudged

as matter of law. The contention is founded on the fact that the respondent did not give attention to the approach of street cars between the time he started the truck after making the final stop and the time the rear of the truck reached a place where a passing street car would strike its load.

But we think this was a question of fact for the jury. The respondent did not abandon all precaution. Before starting the truck, he ascertained that there were no street cars in sight, and knew that, if he did not clear the tracks before one did approach, the operator of such a car would have ample time, if he exercised ordinary caution, to avoid colliding with him. This was not a situation where the street cars had an absolute right of way, or a situation where the driver of the truck must keep clear of street cars at all hazards. The crossing was a public crossing in the sense that each had a common right to use it, and presented a situation where the one must recognize the mutual right of the other. Neither had the right to enter upon it at a time when such entry must necessarily result in a collision, but its use was open to either party, and either party could use it when a collision would not result except for want of ordinary care on the part of the other.

The evidence shows that none of the lumber was thrown from the truck as a result of the collision; that, while certain of the boards comprising the load were pushed forward, the load remained intact upon the truck; and it is argued that this is a physical fact which conclusively shows that the street car did not strike the load of lumber, but shows rather that the load was backed into the street car after the car reached and was passing the crossing. It is unquestionably a cardinal rule of the law of physics that given causes will produce given results, but it would be a

rare instance, especially in street crossing accidents, where it certainly could be said that a given result could arise from but one given cause. Here, there was the evidence of eye witnesses that the injury arose in the manner the contention implies. But the evidence was conflicting on the question, and clearly the manner and cause of the accident were questions for the jury.

The appellant complains of the refusal of the court to give certain instructions which it requested, and complains of certain instructions given by the court. As to the instructions requested, we do not think we need notice them more than generally. In so far as they were correct statements of the law applicable to the facts, they were given by the court, not in the language of the requests but in substance, and this, under our oft-repeated rule, is a sufficient compliance with a request.

The court gave an instruction based on the doctrine of last clear chance, and it is argued that there is no evidence, or inference from evidence, in the record to which the instruction could apply. The instruction to which complaint is principally made is the following:

"Even though you should find from the preponderance of the evidence in this case that the plaintiff was, prior to and at the time of crossing said track, guilty of some act of negligence, nevertheless if you should further find from the preponderance of the evidence in this case that the plaintiff's negligence had, at the time of the accident, terminated or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, have extricated himself; and if you further find by said degree of proof that the operator of the defendant's street car, by keeping a reasonably careful lookout commensurate with the character of the agency he was operating and the locality, should have seen the peril and appreciated it in time, by the exercise of reasonable care, to have

avoided the accident, and that the failure to avoid the collision resulted from the motorman's failure to keep that lookout and exercise that care, then the defendant will be guilty of negligence."

That the court correctly stated the doctrine under the rule as announced by us in the case of *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, and approved in our more recent cases of *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, *Thompson v. Collins,* 139 Wash. 401, 247 Pac. 458, *Johnson v. Seattle,* 141 Wash. 385, 250 Pac. 409, and *Larson v. Tacoma Railway & Power Co.,* 146 Wash. 660, 264 Pac. 419, cannot be successfully questioned.

The serious question is the one the appellant points out; that is, whether there was a situation presented to which the rule could apply. But there was here, as there is usually in this class of cases, a decided conflict in the evidence. One view is that the respondent was still moving backwards when the truck was struck by the street car. Another view is that he was at a stop at that time; that his truck was in such an angling position that he could not go farther backward without running a wheel off the end of the planking which covered the street car tracks, and could not immediately move forward because the way in that direction was blocked by automobiles which had gathered around the truck; and this was his situation at the time he was struck, and had been such for several minutes prior to the time he was struck. It was the duty of the trial court to meet both of these situations in its instruction. This it sought to do, giving the instruction against which the complaint is made as applicable to the last of the situations described. In our opinion, it was not erroneous.

The judgment will stand affirmed.

MITCHELL, C. J., MAIN, and HOLCOMB, JJ., concur.