[No. 22772.   Department One.   July 14, 1931.]

J. N. WEIAND et al., Respondents, v. CHARLES WALKER et al., Appellants.[1]

*L. B. Schwellenbach*, for appellants.

*John J. Sullivan* and *Everett O. Butts*, for respondents.

MITCHELL, J.—These four actions were brought to recover for personal injuries and damage to an automobile. They were tried together to the court and a jury, and have been presented together on appeal. At the trial, upon the conclusion of the evidence on behalf of the plaintiffs, the defendants moved for a nonsuit in each of the cases, which motions were denied. At the conclusion of all the evidence in the cases, the defendants moved for a directed verdict in each case, which motions were denied. The jury returned ver-

[1]Reported in 1 P. (2d) 326.

dicts in favor of plaintiffs in all of the cases. The defendants filed, in each case, a motion for a judgment notwithstanding the verdict, which motions were denied. The defendants have appealed from judgments on the verdicts.

The denial of the several motions of the appellants at the trial constitutes the assignments of error on the appeal, the contention being that the driver of the automobile in which the respondent and those with her who received personal injuries were riding, was guilty of contributory negligence as a matter of law, barring any right of recovery on behalf of each and all of the respondents.

The automobile collision out of which the actions arose happened on the Pacific highway between Tacoma and Seattle, in front of what is spoken of as the Dixie Inn. One of the automobiles was driven by appellant Charles Walker, who at the time was engaged in the service of Johnson & Higgins of Washington, a corporation, appellant, and the other automobile, which was owned by respondent J. N. Weiand, was driven by respondent Mrs. Carlien Custer, to whom the automobile had been loaned by its owner, and who was accompanied at the time of the accident by Mrs. Eathey Osborn and Marie Jones, respondents. A fair summary of the evidence, as the jury was justified in understanding it at the time of each of the motions, is as follows:

The accident happened about the middle of the afternoon on a clear day, the highway being dry. The highway consisted of two strips of pavement, each twenty feet wide, separated by a strip of dirt and gravel about four feet wide, level with the pavements. The east strip of pavement had been completed and accepted, and was in use all the way between Tacoma and Seattle, while the west strip was, and for some time had

been, in the course of construction. At a number of places, for considerable distance at each place, the west pavement had been cleared of all obstructions, and actually, though not officially, opened at such places to public travel and used by the public. At the place of the accident, the highway was level and straight for hundreds of feet north and a greater distance south, along which the west pavement was actually open for travel and free from obstructions.

Mrs. Custer was driving northerly along the right side of the east pavement, and, intending to stop for lunch at the Dixie Inn on the west side of the highway, slowed down to about eight or ten miles an hour; and, after extending her arm for a left hand turn, during which she drove from one hundred to two hundred feet, she noticed appellant Walker's car approaching from the north, some three hundred to four hundred feet distant along the westerly side of the east pavement, just as she began to turn her car to the left to cross over to the Inn; and then, upon noticing the terrific speed, as she said, of Walker's car, and being uncertain as to his course, she brought her car to a complete stop somewhat diagonally across the highway, with its front a little to the west of the gravel strip between the pavements, leaving ample room on either side of her car for the Walker car to pass, the Walker car at that time being some two hundred feet distant. The Walker car was going fifty or sixty miles an hour, a number of witnesses testified, without its course being changed, until within about one hundred feet of respondent's car, at which time the brakes were applied, whereupon the car skidded all the way to and struck respondent's car, turning it around, and passed on beyond it twenty-five to thirty-five feet.

A mechanic at the service station at the Inn, who

saw the accident, testified that the west pavement at that point had been cleared of obstructions to travel for a week or two.

A member of the highway patrol force having charge of that portion of the highway, and who appeared at the scene of the accident within a few minutes after it occurred, testified that, from a point four hundred feet north of the place of the accident to a point a considerable distance south of that place of the accident, the west pavement had been cleared for traffic; that, to his knowledge, a number of people did use the west pavement along that place; and that after this accident the west pavement was still left open for traffic. There were other places along the highway where the west pavement had been cleared and left open for and on which there was public traffic.

Mrs. Custer, of course, as she testified, had no way of knowing whether Walker would go over to the west pavement, which was open for travel at that place, as he manifestly had the right if not the duty to go, so that she stopped her car, leaving room for him to pass on either side, and of which he had notice while he was approximately two hundred feet distant, as already stated.

Under the facts in this case, the question of the contributory negligence of the driver of respondents' car is controlled by the rule well stated in the early case of *Shearer v. Town of Buckley,* 31 Wash. 370, 72 Pac. 76, as follows:

"Whether he was negligent and contributed to the injury was a question concerning which the minds of men might reasonably differ, and was for the jury to determine. *McQuillan v. Seattle,* 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Steele v. Northern Pacific Ry. Co.,* 21 Wash. 287 (57 Pac. 820); *Traver v. Spokane St. Ry. Co.,* 25 Wash. 225 (65 Pac. 284); *Jordan v. Seattle,* 26 Wash. 61 (66 Pac. 114); *Burian*

*v. Seattle Electric Co.,* 26 Wash. 606 (67 Pac. 214). We think the nonsuit was properly denied."

Appellants' several motions were properly denied by the trial court.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.