[No. 23447.   Department Two.   December 29, 1931.]

JOSEPH ANSELMO, *as Administrator, Respondent,* v.
NORMAN MORSING, *Appellant.*[1]

*McCarthy & Edge, W. E. Dupuis,* and *Leo F. Wilson,*
for appellant.

*Joseph A. Albi,* for respondent.

[1]Reported in 6 P. (2d) 377; 9 P. (2d) 100.

HOLCOMB, J.—On Sunday night, November 9, 1930, at about 8:30 o'clock, respondent's decedent was killed by appellant when he drove his automobile into a group of five people, among whom was decedent, as they were about to board an eastbound street car at the intersection of Illinois avenue and Pittsburg street, in Spokane.

Illinois avenue is admittedly an arterial highway running in a northeasterly and southwesterly direction in the northeastern part of Spokane. It is the main traveled street to the suburb of Hillyard. Pittsburg street enters Illinois avenue from the north, but does not continue south from Illinois avenue. Illinois avenue is forty feet and Pittsburg street is thirty-two feet in width from curb to curb. Although Pittsburg street does not continue south, there is a widening of Illinois avenue, of some feet in width, on the south side of the intersection. The space from the south curb on Illinois avenue to the south street car track is 12 feet 6 inches in width.

This intersection was lighted by lights inside a grocery store on the northwest corner of the intersection, and by three funnel-shaped lamps of three hundred watt power, which threw light upon the driveway in front of the grocery store and also across the street. Arc lights were shining one block to the east and one block to the west of the intersection. There was also a headlight on the approaching street car. There was a sign over the intersection, hanging from a wire, for street cars, which reads "Stop."

The group of five people, among whom was decedent, were standing in the usual and proper place at the west side of the intersection and on the pavement, awaiting the eastbound street car on Illinois avenue. It had been raining and the pavement was wet. A street car approached from the west, and the motor-

man saw the group standing waiting for the car at a distance of at least three-fourths of a block from them. He had a clear view of them as they stood between him and the arc light at the intersection of the block to the east of this intersection. There was no mist, fog, or any obstruction of any kind of the view.

The motorman was driving the street car at about ten to twelve miles per hour after noticing the group of people, when he saw appellant overtaking his car and about to pass it. Appellant was driving his Ford coupe easterly, at the rate of about thirty to thirty-five miles per hour, and overtook the street car near the center of the block before arriving at Pittsburg street. The motorman, having seen the people waiting for his car at the intersection, and knowing that the pavement was wet, put on his brakes suddenly and stopped the street car about forty feet from where the group stood on the pavement. He did this in order to allow appellant to turn to the left on the car tracks, in front of the street car, and avoid the prospective passengers.

Appellant was driving with two other persons in the single seat with him. Appellant applied no brakes, sounded no horn, did not slacken his speed, nor swerve from his course, but drove straight into the group of people as if there were no people ahead of him, at a speed of twenty-five or thirty miles per hour. The Ford car had no windshield swipe and no speedometer, but carried head lights which were burning. Decedent was struck, dragged about twenty feet and died a few hours later. Another woman was struck and seriously injured, and a girl was struck and slightly injured. Decedent, when she saw the automobile, tried to save herself by moving back out of its path, as did the others.

Certain applicable provisions of the traffic ordi-

nance of Spokane were pleaded and stipulated in evidence. Pertinent provisions of this ordinance read:

"The roadbeds of highways are primarily intended for vehicles; but pedestrians have the right to cross them in safety, and all drivers of vehicles shall exercise all proper care not to injure pedestrians. . . ."

"Subject to the duty to comply with the direction of traffic officers and automatic signal lights, . . . pedestrians shall have the right of way over vehicles at street intersections and crossings. It shall be the duty of the driver of any vehicle to keep in mind continuously the rights of pedestrians at street intersections and crossings and to slow down the vehicle driven by him or bring it to a full stop upon a signal given by the pedestrian and/or whenever necessary to accord the pedestrian the right of way."

"It shall be the duty of every person operating or driving any vehicle, when overtaking or passing a street or interurban car, traveling in the same direction and that has stopped to take on or let off passengers, to bring such vehicle to a full stop before passing such street or interurban car. Such driver shall not proceed to pass the street car when any person or persons are getting on or off or are about to get on or off said car, unless he can maintain a distance of at least six feet between the vehicle and the running board or lower step of such car."

Another provision requires that every motor vehicle shall have a windshield cleaner, properly equipped, etc. Another requires every motor vehicle to be equipped with a suitable bell, horn or other signalling device, which shall be used only as a signal or warning, whenever there is danger of a collision, or accident.

Upon the return of the verdict by the jury in favor of respondent, timely motions were made by appellant for judgment notwithstanding the verdict and for a new trial, which were denied.

The first error claimed by appellant is in refusing to grant his motion for judgment notwithstand-

ing the verdict, on the ground that the contributory negligence of decedent was sufficient to preclude her from recovering, as a matter of law.

From the statement of facts above made, it is manifest that appellant violated several provisions of the city ordinance, as well as of the state statutes. His negligence is obvious. His first duty was to the pedestrians, who had a superior right at the intersection, and also to persons waiting for a street car in a place where they had a right to be. Decedent was not standing in any place where she had no right to be. She had an undoubted right to presume that appellant would obey the state law and city ordinance and look out for persons on the street at street intersections for any proper purpose.

"If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing." *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649.

To the same effect are *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39; *Church v. Shaffer,* 162 Wash. 126, 297 Pac. 1097; *Hanson v. Eilers,* 164 Wash. 185, 2 P. (2d) 719.

Unless reasonable minds could not differ on the question as to whether decedent was negligent, that question was for the jury. *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644; *Weiand v. Charles Walker,* 163 Wash. 392, 1 P. (2d) 326; *Thomson v. Schirber,* 164 Wash. 177, 2 P. (2d) 664.

Cases cited by appellant, such as *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983, where a pedestrian walked from behind an express wagon and stepped into the way of an approaching automobile; *Jones v. Wiese,* 88 Wash. 356, 153 Pac. 330, where a boy started to cross the street without looking for the approach of

vehicles or paying any heed to his surroundings; and *Maddux v. Gray,* 128 Wash. 149, 222 Pac. 470, where a boy of twelve years started in front of an automobile which he previously knew was approaching, are in no wise applicable to the situation in this case.

Appellant either knew, or was grossly negligent in not knowing, that decedent and quite a group of people were at the place in question, so that he should have avoided them by turning to the right or the left, or stopping. All of this he failed to do, but drove unswervingly and unhesitatingly into the midst of the people.

It seems to us manifest that it would have been error for the trial court to have granted a motion for judgment notwithstanding the verdict. If there was any contributory negligence shown on the part of decedent, it was a question of fact for the jury. See, also, *Elmberg v. Pielow,* 113 Wash. 589, 194 Pac. 549; *Tobin v. Goodwin,* 157 Wash. 658, 290 Pac. 215; *Woods v. Greenblatt,* 163 Wash. 433, 1 P. (2d) 880.

Appellant's second assignment is that the trial court erred in denying his motion for a new trial on the ground, among others, that an attempt was made on the part of respondent in the examination of jurors upon their *voir dire* to convey to them the impression that appellant carried liability insurance.

The *voir dire* of jurors is not brought up in the record. So far as this record shows as to the questions asked of some of the jurors, there seems to have been no violation of our decisions regarding the same. *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233; *Child v. Hill,* 149 Wash. 468, 271 Pac. 266.

The third and last claim of error of appellant is that the trial court erred in giving an instruction on the law of last clear chance as followed in this state. The exception to this instruction was to the effect that

it was not a correct statement of law of last clear chance because, although it included the first part of that rule, it did not include the last part to the effect, that is, of the element of continuing negligence, which is a part of the doctrine of last clear chance.

Appellant declares that there is no evidence that he actually saw decedent until an instant before the collision, and that, in order for the rule of last clear chance to apply, it must appear that appellant actually did see decedent in time to avoid the collision, and it is not sufficient that, by the exercise of reasonable care, he should have seen them.

Appellant proposed no instruction covering the last part of the law of last clear chance, and is not in position to urge this question now. *Singer v. Martin,* 96 Wash. 231, 164 Pac. 1105; *McCreedy v. Fournier,* 113 Wash. 351, 194 Pac. 398; *Masterson v. Leonard.* 116 Wash. 551, 200 Pac. 320; *Groeschell v. Washington Chocolate Co.,* 128 Wash. 589, 224 Pac. 19.

Finding no error, the judgment is affirmed.

TOLMAN, C. J., MAIN, MILLARD, and BEALS, JJ., concur.

## ON PETITION FOR REHEARING.

### [March 15, 1932.]

PER CURIAM.—Appellant has filed herein a petition for a rehearing, reasserting his position that the doctrine of last clear chance was inapplicable to this case, and that the instruction upon that doctrine given by the trial court (discussed under subhead (3) of the Departmental opinion) constitutes reversible error.

Appellant did not except to this instruction, which was almost literally copied from one approved in *Fredericks v. Seattle,* 159 Wash. 224, 292 Pac. 427, upon the second phase of the law of last clear chance, upon the ground that the doctrine of last clear chance

was not applicable to the situation presented by the evidence, but excepted to the instruction only because the same constituted an incomplete statement of the doctrine of last clear chance, in that the same did not include any statement of the element of continuing negligence.

The exception being insufficient to present to this court for review the question of whether or not the trial court should have given any instruction at all on the doctrine of last clear chance, and the exception raising no question as to the correctness of the instruction so far as it went, the only question presented by the exception is whether or not the instruction constitutes reversible error because the same did not include the element of continuing negligence.

Appellant not having excepted to the trial court instructing the jury on the question of last clear chance, but excepting only upon the ground that the instruction given was incomplete, under the following authorities, *Rush v. Spokane Falls & N. R. Co.,* 23 Wash. 501, 63 Pac. 500; *Lipsett v. Dettering,* 94 Wash. 629, 162 Pac. 1007; *McCreedy v. Fournier,* 113 Wash. 351, 194 Pac. 398; and *Masterson v. Leonard,* 116 Wash. 551, 200 Pac. 320, the burden rested upon him to submit a proposed instruction embodying his idea as to the manner and form in which the jury should be instructed on that phase of the case. Not having done this, there is no error available to appellant in connection with this matter.

With this explanation, the court adheres to the Departmental opinion, and appellant's petition for a rehearing is denied.