[No. 25012. Department Two. July 11, 1934.]

SAM LAMPING *et al., Respondents,* v. GEORGE RIPLEY, *Appellant.*[1]

*Whittemore & Truscott,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondents.

TOLMAN, J.—These four cases, all growing out of the same accident, were consolidated for the purpose of trial and tried to the same jury. By stipulation, they have also been consolidated for the purposes of this appeal.

An automobile owned by respondents and driven by the respondent wife came into a head-on collision with the machine operated by the appellant on Thirty-second avenue in the city of Seattle in the evening of a July day in 1932, resulting in personal injuries to the respondent wife and to each of the three minor children of the respondents who were riding with her.

[1]Reported in 34 P. (2d) 459.

The trial to the jury resulted in a verdict in favor of the defendant in each case. In each case, the plaintiff, or plaintiffs, moved for a new trial. In the case in which the husband and wife are plaintiffs, the new trial was granted because of supposed error in instructing the jury and upon no other grounds. In each of the other cases, in addition to the error in the instructions, the order granting the new trial was based upon the further grounds that the verdicts were contrary to law, against the weight of the evidence, and that substantial justice had not been done.

Since this appeal was taken, this court, in the case of *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947, has construed chapter 138, Laws of 1933, p. 481 (Rem. 1933 Sup., § 399), relating to new trials, and the appellant here concedes that that case is decisive against him in each of the cases brought on behalf of the minors. Since the former decision is not now questioned and we are not asked to re-examine the subject there decided, the order of the trial court granting new trials in the three cases affecting the minors will stand affirmed without further discussion.

There remains only the question of whether a new trial was rightfully granted in the case brought by the husband and wife, and that question is to be answered by an examination of a single instruction which the trial court held to be erroneous. The instruction given, reads:

"The law recognizes that men are often called upon to act in sudden emergencies without much time for thought or consideration. The conduct of parties to a collision is not necessarily to be judged by the facts as they now appear before you, but such party is entitled to have his acts and conduct considered in the light of the facts as they appeared to him at the time. It is not necessarily what was the safest thing to do or what was the wisest thing to do or what could or ought to have been done, but the question is did the party at the

time act as a reasonably cautious, prudent driver under the circumstances would have acted. If he did, then he cannot be charged with negligence even though he did not do what you now believe would have been the safest or the wisest thing for him to have done.''

To the giving of this instruction, the following exception was taken:

''Comes now the plaintiff and excepts to instruction No. 8 given by His Honor on the question of emergency, because the instruction is wholly inapplicable to the accident in question. If an emergency arose here it arose through the negligence of the defendant, and therefore the instruction as to his conduct under such circumstances cannot be determined by the ordinary instruction in an emergency.''

So it will be seen that the instruction is questioned only because it did not state the exception to the general rule to the effect that one who, by his own negligent act, creates an emergency cannot invoke the rule for his own protection.

It is fair to state that neither party requested this instruction, and that it was given by the court of his own motion. It may further be said that each party was stoutly maintaining that the negligence of the other created the emergency, if any there was, and had the qualifying exception been embodied in the instruction, each would no doubt have argued to the jury that his client only could claim the benefit of the emergency rule. It is therefore rather difficult to say that the verdict would have been different if the instruction had set forth the exception to the general rule.

However, our decision is not to be based upon what the jury might or might not have done, but rather upon the question of the duty resting upon the party who took exceptions to the instruction.

Concededly, the instruction, as given, correctly states

the general rule, and contains no erroneous matter. Its sole fault (if that be a fault) is that it did not go further, and set forth an exception or qualification thought to be applicable in this particular case. The subject was clearly in the mind of counsel when he took his exception, and had he even then proposed a further instruction giving the exception to the general rule, the court would no doubt have given it. Jury trials are serious and expensive things, and the public, as well as the parties, are interested in having cases once fairly tried and finally disposed of. Repeated trials of the same issue are to be encouraged only when, in spite of care and diligence, error has been committed and injustice has been done. Here, though the instruction as given may have been a two-edged sword, still counsel ought not to be permitted to withhold a proper request for an additional instruction, speculate upon the jury's verdict, and then, after losing, still claim an error which would have been cured in ample time if he had acted with diligence.

Speaking upon an exactly similar omission from an instruction in the case of *Brammer v. Lappenbusch, supra,* this court said:

"As to the second phase of the instruction, the exception goes not to the incorrectness of what was contained therein, but rather to what was omitted from it. While the instruction might well have included the emergency feature, the court was not required to amend an otherwise correct instruction, in the absence of a request by appellant. The court need not be more diligent than the party. *Ziomko v. Puget Sound Electric Co.,* 112 Wash. 426, 192 Pac. 1009. One of the chief defenses of appellant was that he was called upon to act in an emergency. Hence, a proper request should have been made by him regarding that issue. An exception does not take the place of a request. *Allend v. Spokane Falls & N. Ry. Co.,* 21 Wash. 324, 58 Pac. 244."

The same rule was applied in *Anselmo v. Morsing,* 166 Wash. 111, 6 P. (2d) 377, 9 P. (2d) 100, and we consider these cases as settling the practice in this respect.

The order granting a new trial in the case of the husband and wife is reversed, with directions to enter judgment on the verdict. In the other cases, the orders appealed from will stand affirmed.

BEALS, C. J., BLAKE, GERAGHTY, and HOLCOMB, JJ., concur.