[No. 30719.   Department One.   June 24, 1949.]

WILLIAM C. HARRIS *et al., Appellants,* v. JAMES A. HOLROYD *et al., Respondents.*[1]

[1]Reported in 207 P. (2d) 765.

*Gagliardi, Ursich & Gagliardi,* for appellants.

*Metzger, Blair, Gardner & Boldt,* for respondents.

HILL, J.—This is an action by the appellants to recover damages for the death of the five-year-old son of Mrs. Harris. The boy had left the grade school where he was attending kindergarten and had crossed the street in front of it at a marked crosswalk, under the direction of a school-boy patrol. He had then proceeded easterly along a gravel walkway along the north side of that street for a distance of 130 feet or more when, for some unknown reason, he started to run back across the street. The boy ran from behind either a car parked on the north side of the street or a westbound car, and was struck by the right front wheel of an eastbound truck owned by the respondents. It is not

disputed that the truck driver applied his brakes and swerved to his right. The right front wheel of the truck was off the pavement and on the gravel shoulder at the time it came in contact with the boy.

Suffice it to say that, under the evidence, the jury could have found that the driver of the truck was negligent in failing to see the boy in time to stop his truck and avoid the collision. And there was also evidence under which the jury could have found that the driver was not negligent and that he did all that a reasonably prudent and cautious man could have been expected to do, under the circumstances, to avoid a collision. The jury took the latter view and brought in a verdict for the respondents, and we cannot disturb that verdict or the judgment entered thereon unless the appellants can show prejudicial error.

Appellants urge that instructions Nos. 13, 14, 15, and 16 were erroneous and prejudicial.

Instruction No. 13 dealt with proximate cause, and told the jury that, before the appellants could recover, they must establish that the negligence of respondents' driver was a proximate cause of the child's death, and that, if the collision would have occurred regardless of such negligence, there could be no recovery.

Instruction No. 16 also dealt with proximate cause, and made application of the general principles laid down in instruction No. 13, stating that, if the jury should find that the child ran from behind an obstruction into the immediate pathway of the truck at such a distance from the approaching truck that the driver could not avoid striking the child, then the appellants could not recover regardless of the speed of the truck or the lookout maintained by the driver.

Appellants construe every reference in the instructions to the possibility of a finding by the jury that the accident would have occurred regardless of any negligence on the part of the driver, as an instruction on contributory negligence, and then argue that the child could not have been guilty of contributory negligence. The instructions in question do not refer, directly or indirectly, to contributory

negligence, and state only the generally recognized rules with reference to proximate cause.

■■ Appellants urge that, if respondents' truck driver was guilty of a violation of a positive law, he was guilty of negligence *per se,* and, therefore, the court should have instructed that the burden was on him to prove that his negligence was not the proximate cause of the accident. There are at least two answers to that contention. First, we find no evidence of any violation of positive law; the speed limit in the school zone was twenty miles an hour, and there was no testimony that placed the speed of the truck at more than ten miles an hour. Second, appellants did not except to the instruction on the ground now urged, and requested no instruction to that effect.

■ Instruction No. 15 was the customary instruction with reference to sudden emergencies, laying down the rule that

". . . vehicle drivers are often called upon to act in sudden emergencies without much time for thought or consideration. The conduct of a party to a collision or accident is not necessarily to be judged by the facts as they now appear before you, but such party is entitled to have his acts and conduct considered in the light of the facts as they appeared to him at the time. It is not necessarily what was the safest thing to do or what was the wisest thing to do or what could or ought to have been done, but the question is did the party at the time act as a reasonably cautious prudent driver under the circumstances would have acted. If he did, then he cannot be charged with negligence even though he did not do what you now believe would have been the safest or wisest thing for him to have done."

Appellants insist that there was no emergency, basing their argument on certain estimated distances. The jury could have found that the boy ran from behind either a parked car or a passing car, in a southwesterly direction, into the path of and toward the approaching truck; that the driver immediately set his brakes and swerved right and stopped his truck as quickly as possible. The emergency instruction was appropriate and proper.

Appellants say that, if there was an emergency, the instruction was erroneous because it did not state the exception that one who, by his own negligence, creates an emergency cannot invoke the rule for his own protection. Appellants, while excepting on that ground to the instruction given, did not propose any instruction. We had this identical situation before us in *Lamping v. Ripley,* 178 Wash. 206, 34 P. (2d) 459, where we said:

"However, our decision is not to be based upon what the jury might or might not have done, but rather upon the question of the duty resting upon the party who took exceptions to the instruction.

"Concededly, the instruction, as given, correctly states the general rule, and contains no erroneous matter. Its sole fault (if that be a fault) is that it did not go further, and set forth an exception or qualification thought to be applicable in this particular case. The subject was clearly in the mind of counsel when he took his exception, and had he even then proposed a further instruction giving the exception to the general rule, the court would no doubt have given it. Jury trials are serious and expensive things, and the public, as well as the parties, are interested in having cases once fairly tried and finally disposed of. Repeated trials of the same issue are to be encouraged only when, in spite of care and diligence, error has been committed and injustice has been done. Here, though the instruction as given may have been a two-edged sword, still counsel ought not to be permitted to withhold a proper request for an additional instruction, speculate upon the jury's verdict, and then, after losing, still claim an error which would have been cured in ample time if he had acted with diligence."

Instruction No. 14 is the one which has given us concern in this case. It was as follows:

"You are instructed that South 66th Street at the time and place of the accident in question was a public highway open to all kinds of vehicular traffic, and that defendants [respondents] had the right to operate their truck along such highway notwithstanding the proximity thereto of a schoolhouse. In using such highway, defendants and their driver would not be or become the insurers of the safety of other persons using such highway, whether school children or otherwise, *but would only owe the duty of exercis-*

*ing ordinary care to avoid injuring other users of the highway, whether school children or not."* (Italics ours.)

■ Because of the frequency with which instructions quoted in our opinions are utilized in other cases, we now say specifically and categorically that we do not approve of the italicized portion of the instruction, and that it should not have been given. It is one of those instructions which, while technically correct, "slant" a statement of the law in such a way as to mislead a jury. Standing alone, it would seem to say that the truck driver had no duty to exercise a higher degree of care toward school children than toward any other users of the highway. As respondents point out, it does not actually say that. They defend it in these words:

"Under Instruction No. 14, children of tender years and adults are placed on the same basis only in that a vehicle driver using a public street is not the insurer of either. His only duty is to use the degree of ordinary care whether the amount of care be more or less under the circumstances. There is nothing more or different than that in the instruction."

We none the less are of the opinion that it is an acute "slanting" of the law, designed to confuse not only the obtuse but the reasonably prudent and cautious juror.

■ However, there could be no confusion in this case, because the jury had been told by instruction No. 9 that,

". . . where a car is being driven in the immediate vicinity of a schoolhouse, particularly at a time when the school children are at recess or when school is being dismissed or taken up, the driver of the car must use such caution for the protection of children in that vicinity as would be used by a reasonably prudent man under similar circumstances; and it is the driver's duty to anticipate the presence of children in the street in such vicinity, and under these circumstances it is his duty to bring his car under such control that it can be stopped should the circumstances arising require such action to avoid injury to others."

This instruction was specific and definite as to the driver's responsibility toward the child. The respondents urge that the latter part was more favorable to the appellants than it should have been. We do not have to pass upon that

question, and we quote the instruction here, not as a model, but to demonstrate that the jury had been adequately instructed, if not overinstructed, on the degree of care required of the respondents' driver under the circumstances.

We find nothing to criticize in instructions Nos. 13, 15, and 16 as applied to the facts in this case; and we find that the trial court had, by instruction No. 9, insulated the jury against any confusion that might have arisen from instruction No. 14 standing alone. We therefore affirm the judgment heretofore entered upon the verdict of the jury.

JEFFERS, C. J., BEALS, and STEINERT, JJ., concur.

MALLERY, J., dissents.