[No. 36596.   Department One.   June 20, 1963.]

BILL D. ROUMEL *et al., Appellants,* v. DONALD FUDE *et al., Respondents.*[*]

*Davies, Pearson, Anderson & Pearson,* for appellants.

*Edwin R. Johnson,* for respondents.

HILL, J.—The defendants say this is a "following car" case; the plaintiffs say that it is a "changing lanes and cutting in" case and that they became a "following car" solely because the defendant-driver changed lanes and cut in front of them so sharply that they had no opportunity to stop before colliding with defendants' car. The jury found against plaintiffs on their complaint and against the defendants on their cross complaint; in short, for the defendants without damages. From the judgment of dismissal, the plaintiffs appeal.

Their theory of the case was presented to the jury in the following instruction:

[*] Reported in 383 P. (2d) 283.

"You are instructed that if you should find that plaintiffs' vehicle was traveling in one lane of traffic and the defendants' vehicle was traveling in another lane, even though the lanes were not marked, and if you should further find that the defendants' vehicle suddenly swerved into plaintiffs' traffic lane so that in the exercise of reasonable and ordinary care plaintiff could not have avoided a collision, then the defendant would be negligent." Instruction No. 11.

The defendants' theory of the case was presented to the jury in the following instruction:

"Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions he is negligent if he runs into the car ahead. The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made." Instruction No. 13.

This instruction has been approved[1] and is conceded to be a correct statement of the law in the typical "following car" case.

From the oral argument we gather that the plaintiffs' sole contention on this appeal is that the last sentence of instruction No. 13 should be omitted or modified where the leading car has cut in sharply and has placed a party "unwittingly in a following car position." In such a situation, a sudden stop by the leading car places the driver of the following car "in a position of sudden peril through no fault of his own." *Grapp v. Peterson* (1946), 25 Wn. (2d) 44, 48, 168 P. (2d) 400.

Had the plaintiffs made their position on the challenged instruction as clear to the trial court as they have to this court, we have no doubt that a cautionary statement would have been added to the instruction distinguishing the "cutting in" situation, if the jury found that it had been established, from the usual "following car" situation.

---

[1] *Van Ry v. Montgomery* (1961), 58 Wn. (2d) 46, 360 P. (2d) 573; *Miller v. Cody* (1953), 41 Wn. (2d) 775, 252 P. (2d) 303.

The plaintiffs' exception to instruction No. 13 was in these words:

"We'll take exception to the Court's giving Instruction Number 13, on the grounds that there is no testimony to support, or warrant, the giving of this instruction, since the evidence shows that the proximate cause of this collision was not the following car striking the other car, but the evidence was the one car changing lanes immediately into the path of the other car, and I don't think there is evidence to support, or warrant, the giving of that instruction."

Our conclusion, from this exception, would be that counsel was objecting to the entire instruction on the ground that there was no evidence to support it. This did not direct the trial court's attention to the point which is being urged on this appeal.

■ A basis for challenging an instruction not urged in the trial court cannot be urged for the first time on appeal. *Barnes v. Labor Hall Ass'n, Inc.* (1957), 51 Wn. (2d) 421, 319 P. (2d) 554; *Peerless Food Products Co. v. Barrows* (1957), 49 Wn. (2d) 879, 307 P. (2d) 882.

Under the testimony of the defendant-driver[2] a following-car instruction had to be given in order to present defendants' theory of the case to the jury, and plaintiffs proposed no such instruction, limited or modified, as they now contend it should have been.

■ Our rules[3] require that exceptions to instructions shall specify the paragraphs or particular parts of the

---

[2]The defendant-driver's testimony is that he was traveling north on Tacoma Avenue in the city of Tacoma intending to turn west (left) at Sixth Avenue (this is a signal-controlled intersection). He entered the intersection with a green light for north-south traffic and, while just beginning his left turn and with his car at about a 20-degree angle, he had to slow down for a south-bound car on Tacoma Avenue; and just after that car passed, was hit by the plaintiffs' car.

Whether he stopped or merely slowed to let a south-bound car pass, there is evidence of the type of emergency that must be anticipated by the driver of the following car in such a situation and which is covered by the instruction as given.

[3]"Prior to the reading of instructions to the jury, and in the absence of the jury, the trial court shall hear counsel as to exceptions to the giving of any charge to the jury and to the refusal to give any charge requested in writing. Such exceptions may be either oral or in writing,

charge excepted to and shall be sufficiently specific to apprise the trial judge of the points of law or question of fact in dispute. The purpose is to enable the trial court to correct any mistakes in the instructions in time to prevent the unnecessary expense of a second trial. See *Agranoff v. Morton* (1959), 54 Wn. (2d) 341, 340 P. (2d) 811.

The plaintiffs' brief concedes that the first two sentences of instruction No. 13 are not objectionable, but they urge that the last sentence should not have been given.

There was, as we have indicated, no request that a particular part of the instruction be not given; nor was there a request for what the plaintiffs regarded to be a proper instruction under the circumstances.

We have frequently pointed out that error cannot be predicated on the giving of an instruction which correctly states the law but does not embody a given qualification or exception, if no instruction stating the qualification or exception was requested by the complaining party. *Goodner v. Chicago, Milwaukee, St. Paul & Pac. R. Co.* (1962), 61 Wn. (2d) 12, 377 P. (2d) 231, and cases therein cited.

One of the cases cited and quoted in the *Goodner* case is *Lamping v. Ripley* (1934), 178 Wash. 206, 34 P. (2d) 459, in which error was assigned to the giving of an instruction relating to acts in emergencies because it did not cover the exception to the rule which applies where the emergency is created by the negligence of the acting party (which is certainly comparable to the situation now before us). We said:

"Concededly, the instruction, as given, correctly states the general rule, and contains no erroneous matter. Its sole fault (if that be a fault) is that it did not go further, and set forth an exception or qualification thought to be applicable in this particular case. The subject was clearly

and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, and shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." Rule of Pleading, Practice and Procedure 51.16W.

in the mind of counsel when he took his exception, and had he even then proposed a further instruction giving the exception to the general rule, the court would no doubt have given it. Jury trials are serious and expensive things, and the public, as well as the parties, are interested in having cases once fairly tried and finally disposed of. Repeated trials of the same issue are to be encouraged only when, in spite of care and diligence, error has been committed and injustice has been done. Here, though the instruction as given may have been a two-edged sword, still counsel ought not to be permitted to withhold a proper request for an additional instruction, speculate upon the jury's verdict, and then, after losing, still claim an error which would have been cured in ample time if he had acted with diligence." *Id.* at 208-209, 34 P. (2d) at 460.

See also *Brammer v. Lappenbusch* (1934), 176 Wash. 625, 30 P. (2d) 947, and *Anselmo v. Morsing* (1931), 166 Wash. 111, 6 P. (2d) 377, 9 P. (2d) 100.

There being no adequate exception to the instruction given, and now claimed to be erroneous, and there being no proposed instruction to correct the claimed inadequacies in the instruction given, the judgment appealed from is affirmed.

OTT, C. J., ROSELLINI, HUNTER, and HAMILTON, JJ., concur.