IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SHARON KAY DALTON and TERRY BRUCE DALTON, | ) ) ) | No. 77718-1-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| RYAN JOHN MACK and JANE DOE MACK, husband and wife and the marital community composed thereof; KAREN ADAIR LUNDE and JOHN DOE LUNDE, husband and wife, and the marital community composed thereof, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | FILED: June 17, 2019 |

HAZELRIGG-HERNANDEZ, J. — Sharon Dalton appeals an adverse jury verdict, arguing the trial court erroneously instructed the jury.[1] Dalton also invites this court to interpret the scope of damages available under RCW 16.08.040. We affirm the verdict and decline Dalton's invitation.

## FACTS

The salient facts are procedural in nature and the background details are unnecessary to the resolution of this appeal. In brief summary, Sharon Dalton claims she was bitten and suffered various personal injuries following an

---

[1] While both Sharon and Terry Dalton appeal, we refer to Sharon Dalton as a singular appellant because the jury did not consider Terry Dalton's claims.

altercation between her dog and the dogs owned by Ryan Mack. Mack's dogs were in the care of his mother-in-law, Karen Lunde, at the time of the incident. Dalton sued Mack for damages alleging that he was strictly liable under RCW 16.08.040[2].[3] Lunde was also a named defendant in the suit, but settled with Dalton prior to trial.

At trial, Dalton put on evidence that one of Mack's dogs bit a finger on her right hand. Mack denied liability and disputed that his dogs bit Dalton. However, Mack acknowledged that, if one of his dogs actually bit Dalton, he would be responsible for all of Dalton's damages caused by the bite itself.

During the colloquy on jury instructions, Dalton's attorney acknowledged that "[o]bviously the statute [RCW 16.08.040] does require a bite, and that's why we put on evidence to support that."[4] In discussing Instruction 5 that summarized the parties' claims, the trial court sought to leave room for both sides argue their position on alleged Dalton's damages but noted: "But it's not very clear what happened or when she was bitten, or even conceivably if she was bitten, I suppose. And one of the jurors asked that[.]"[5] In pertinent part, the trial court's Instruction 5 read:

---

[2] RCW 16.08.040(1) provides: "The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

[3] Dalton's suit also contained other claims not at issue on appeal, including (1) a claim of negligence against Mack and (2) a claim of negligence against Karen Lunde.

[4] Dalton's attorney also agreed with the trial court's assessment that liability under RCW 16.08.040 is triggered by a dog bite, stating: "I think that's right. I think you have to have a bite, you're right."

[5] After Dalton testified at trial, the jury posed the following question to her: "[d]id you feel the dog bite your hand, or did you think it was a bite because of the dogs? . . . Could the injury have happened because you fell on the ground?" Dalton answered: "No, it was a puncture wound."

The claims in this case are summarized as follows:

(1) In her first cause of action, called strict liability, the plaintiff claims that she was injured by two dogs owned by the defendant Ryan Mack. Defendant Ryan Mack admits he is liable for all damages proximately caused by his dog biting plaintiff, but denies the nature and extent of the claimed injuries and damages.

. . .

The foregoing is merely a summary of the claims of the parties. You are not to consider the summary as proof of the matters claimed unless admitted by the opposing party; and you are to consider only those matters that are admitted or are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

Dalton took exception to Instruction 5 "and specifically the language of proximately caused by his dog biting plaintiff."

Next, in colloquy regarding the strict liability instruction, Mack proposed language conditioning his liability on "if the jury finds that his dog bit Mrs. Dalton." The parties then discussed the damages available under RCW. 16.08.040, but not whether "if the dog bit" was properly part of the jury instruction or if that issue should still be decided by the jury given the evidence at trial. Thereafter, in Instruction 7, the trial court instructed the jury:

If you find that one of defendant Ryan Mack's dogs bit plaintiff Sharon Dalton, you do not need to decide whether defendant Ryan Mack is liable to the plaintiffs for injuries and damages proximately caused by his dog biting plaintiff. You are to decide what injuries and damages, if any, to plaintiff were proximately caused by being bitten by the dog, and what amount, if any, plaintiff should recover. The plaintiff has the burden of proof on these issues.

Here, Dalton took exception to the phrase "proximately caused by his dog biting plaintiff."

The trial court also guided the jury as to how it should measure damages and, in the relevant part of Instruction 16, stated:

- 3 -

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In the first cause of action, if your verdict is for the plaintiff, you must determine the amount of the damages proximately caused by being bitten by the dog.[6]

Again, Dalton took exception to the "amount of damages proximately caused by being bitten by the dog" language.

During closing arguments, Dalton argued that the evidence showed "more probably true than not true that she was bitten." She highlighted the language of Instruction 7, arguing that the jury could hold Mack "fully responsible" if the jury felt "more probably than [sic] true than not true that [she] met all of those pretty straightforward elements of strict liability, public alleyway, bite, and without regard to the dog's former [sic] of viciousness." In response, Mack argued that the evidence did not establish that his dogs bit Dalton. On rebuttal, Dalton called Mack's questioning the fact of whether she had been bitten or not "the height of hypocrisy" and argued that Mack would not "take any responsibility for the harms and losses."

The jury answered "no" on the special verdict form asking: "Did one of Ryan Mack's dogs bite Sharon Dalton?" Dalton appeals.

## DISCUSSION

I.   Jury instructions

Dalton contends the jury instructions and verdict form were legally erroneous, inconsistent, contradictory, and prejudicially misleading. Specifically,

---

[6] Under this instruction, the "first cause of action" was Dalton's strict liability claim.

she argues because Mack admitted being strictly liable and contested only the negligence claim, the court's instructions created an inconsistency as to her strict liability claim.

We must first determine whether any error was preserved. Under the court's civil rules, a party who objects to a jury instruction must "state distinctly the matter to which counsel objects and the grounds of counsel's objection, specifying the number, paragraph or particular part of the instruction to be given or refused." CR 51(f). "This gives the trial court the opportunity to remedy instructional error and reduces unnecessary appeals and retrials." Millies v. LandAmerica Transnation, 185 Wn.2d 302, 310, 372 P.3d 111 (2016). The objection must be "sufficient to apprise the trial judge of the nature and substance of the objection." Crossen v. Skagit County, 100 Wn.2d 355, 358, 669 P.2d 1244 (1983). Additionally, "[a] basis for challenging an instruction not urged in the trial court cannot be urged for the first time on appeal." Roumel v. Fude, 62 Wn.2d 397, 399, 383 P.2d 283 (1963).

Here, Dalton specifically objected to Instructions 5, 7, and 16 on grounds that they erroneously limited her to "damages proximately caused by being bitten." None of these objections directed the trial court's attention to the errors that Dalton is now arguing on appeal. Because Dalton did not object on grounds that Instructions 5, 7, and 16 were misleading, inconsistent, contradictory, or prejudicial as to the parties' position on the strict liability claim, we conclude that Dalton failed to preserve her current challenges to the court's instructions.

We, therefore, affirm the jury's verdict in favor of Mack.

II.    Damages available under RCW 16.08.040

Next, Dalton contends the trial court erred in limiting the amount of damages she could recover under RCW 16.08.040.  Regardless of the proper scope of available damages under this statute, it is clear that any such damages are predicated on a dog biting a person.  Here, the jury concluded that Mack's dogs did not bite Dalton.  Because we affirm the jury's verdict, we need not reach the question of what theoretical damages Dalton could have recovered had she been bitten. See To-Ro Trade Shows v. Collins, 144 Wn.2d 403, 416, 27 P.3d 1149 (2001) (declining to issue an advisory opinion "where the event at issue has not yet occurred or remains a matter of speculation").

We affirm.

WE CONCUR: