MUEHLBAUER, Appellant, vs. KLOKNER, Respondent.

*October 6—October 26, 1915.*

*Highways: Collision between vehicles: Negligence: Questions for jury.*

1. In an action for personal injuries sustained when defendant's wagon collided with plaintiff's buggy which was being driven in the opposite direction on the extreme right of the traveled track, it is *held* on the evidence that plaintiff was not guilty of contributory negligence as a matter of law in failing to have her buggy brought to a standstill before the collision occurred or in failing to shout a warning to defendant's driver. *Lloyd v. Pugh,* 158 Wis. 441, distinguished.
2. It is not negligence as a matter of law to permit an eleven-year-old boy, when accompanied by a parent, to drive a horse which is not shown to be difficult to manage.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*
*Max J. Leutermann* and *F. P. Hopkins,* for the appellant.
*G. J. Davelaar,* for the respondent.

BARNES, J. This is an action for damages for personal injury. The jury found the defendant negligent, acquitted the plaintiff of contributory negligence, and awarded $1,350 damages. The trial court changed the answer of the jury on the question of contributory negligence and ordered judgment dismissing the complaint. Plaintiff appeals.

Plaintiff was proceeding easterly on one of the streets of Wauwatosa in a light buggy drawn by one horse which was being driven by her eleven-year-old son. The defendant's servant was driving a heavy horse attached to a heavy wagon in the opposite or westerly direction. Both horses were proceeding slowly. The two vehicles collided, and the plaintiff was thrown from her buggy and injured. Water and sewer pipes were being laid on the north side of the street, which for this reason was closed to travel.

There was evidence from which the jury might have found that the unobstructed portion of the street was forty feet wide in the vicinity of the collision; that there was an embankment on the south edge of the traveled street from one and one-half to two and one-half feet in height; that the vehicle in which plaintiff was riding was being driven as close to this embankment as it could be, and that the defendant had the free use of all of the forty-foot strip except that taken up by the plaintiff's buggy on the extreme south side.

The lower court held plaintiff guilty of contributory negligence because her vehicle was not brought to a standstill before the collision occurred, and perhaps because she did not do anything to warn the defendant's driver that a collision was imminent unless he changed his course. The court seems to have based its decision largely on the case of *Lloyd v. Pugh,* 158 Wis. 441, 149 N. W. 150. In this case the collision occurred at the intersection of two streets. The plaintiff was going east and the defendant's team nearly north. It was the duty of one or the other of them to stop if it was necessary to do so to avoid a collision. Defendant's driver had the right of way and plaintiff was held guilty of contributory negligence because she did not observe the law of the road or else veer to the north to avoid the collision. Here, according to evidence which the jury had a right to believe, the buggy in which the plaintiff was riding was not only on the right side of the traveled track but was to the extreme right of such track when the accident occurred. It is not at all certain that by stopping she would have improved the situation or prevented the collision. She had a right to assume until it was perhaps too late that defendant's driver would not "hog" all of the road, but would turn out in time to prevent what occurred. She also had a right to assume that the teamster was not blind and that he was paying some attention to where he was going, without an alarm being shouted at him. Persons riding in horse-

drawn vehicles are not obliged to carry trumpets with them. Both plaintiff and her boy testified that they were frightened when they became aware of the fact that they were in danger of being run into. This was natural enough, particularly as plaintiff was holding a three-year-old baby in her arms.

This court held at an early day in *Wood v. Luscomb,* 23 Wis. 287, where the facts were more favorable to the defendant than they are here, that it was not contributory negligence as a matter of law for a person driving on the right side of a street to fail to stop before the collision occurred. There may be cases where the contrary should be held, but under the facts in the instant case we are of the opinion that the contributory negligence of the plaintiff was a jury question. It is suggested that it was negligence on plaintiff's part to permit an eleven-year-old boy to drive the horse. We do not think it is negligence as a matter of law to permit a boy of this age when accompanied by a parent to drive a horse that was not shown to be difficult to manage. We do not see how the boy's manner of driving, or his management of the horse, had anything to do with the accident, unless it be said that he was bound to stop before the collision occurred. The defendant's teamster might have had a wholesome fear or respect for one who was more muscular than he, and hesitate to run him down, but others besides pugilists have rights on our public highways.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the answer of the jury to the fourth question in the special verdict and to enter judgment for the plaintiff on the verdict as corrected.