[No. 19412. Department Two. January 29, 1926.]

A. J. GEITNER, *Respondent,* v. DORA M. STEPHENSON, *Appellant.*[1]

[1] HIGHWAYS (53)—NEGLIGENT USE—MEETING OF MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE. The driver of a truck is guilty of contributory negligence, precluding recovery of damages through a head-on collision, where he was driving in the center or left side of the road, and adjusting his mirror with his left hand in such a way as to indicate that he was going to turn off to the left, until an approaching car was within seventy feet, when he suddenly turned to the right; since he did not "seasonably" turn to the right as required by Rem. Comp. Stat., § 6295.

[2] SAME (53). The driver of an automobile is guilty of contributory negligence, in turning to the left to pass a truck that was in the center or on the left hand side of the road and apparently signalling that he was about to turn off to the left, where the accident would have been avoided if the driver of the automobile had sounded her horn and stopped.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered March 28, 1925, upon findings in favor of plaintiff, in an action for damages resulting from a collision of motor vehicles. Reversed.

*Roy E. Bigham,* for appellant.

*O. L. Boose,* for respondent.

MAIN, J.—The plaintiff brought this action to recover damages which a Ford truck owned by him sustained when it collided with an automobile owned by the defendant. In her answer, the defendant denied liability and, by cross-complaint, sought a recovery of damages to her car. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law sustaining the plaintiff's right to recovery, and denying the right of the defendant to recover upon her

[1]Reported in 242 Pac. 1099.

cross-complaint. From the judgment in the sum of $255 in favor of the plaintiff, defendant and cross-complainant appeals.

The facts may be summarized as follows: The respondent is the owner of a Ford truck, which, at the time of the accident, was operated by an employe, one C. W. Reeves. The appellant was the owner and driver of a Studebaker touring car. The accident happened, on the 24th day of September, 1924, at about twelve o'clock noon, on a paved highway, something like a mile north of the town of Sunnyside in Yakima county. It was a clear day, and there was no other traffic on the road at the time. The paved portion of the highway was twenty feet wide. On either side thereof, there is what is called a dirt shoulder of approximately three feet. Outside of this, there is a ditch on each side of the road. The Ford truck was proceeding north, and the driver thereof saw the approaching car when about an eighth of a mile distant. The appellant, who was driving her own car, saw the Ford truck approaching at about the same time. After the driver of the Ford truck was aware of the approaching automobile, he attempted to adjust his rear vision mirror, which was attached to the left front of the wind shield and extended out a distance of six or seven inches. The Ford truck, the driver says, was in the middle of the pavement. The evidence establishes, and the trial court believed, that it was on the left side thereof, instead of on the right side, as he proceeded north. The appellant and two witnesses, who were in her car at the time, mistook the adjustment of the rear vision mirror, by the driver of the Ford truck, for a signal indicating a turn to the left and off of the highway into one of the roadways that led from the pavement to houses that were on that side of the road. Each car was going at a speed of approximately twenty miles per hour.

When the cars were approximately seventy feet apart, the appellant turned to the left. Immediately the driver of the truck, which it may be admitted was in the middle of the pavement, abruptly turned to the right. The cars collided on the left hand side of the pavement, as related to the direction in which the appellant's car was going.

[1] The first question is, whether the driver of the Ford truck was guilty of negligence. It has been said that he was violating no law of the road in driving on the left hand side, until he was within seventy feet of the approaching automobile. Section 6295, Rem. Comp. Stat., provides that, whenever any persons driving any vehicles shall meet on any public highway, "the persons so meeting shall seasonably turn their vehicles to the right of the center of the road, so as to permit each vehicle to pass without interfering with or interrupting the other." Under this statute, it was the duty of the driver of the Ford truck to seasonably turn to the right and away from the center, or left side of the roadway, as he approached the other car. "To seasonably turn" means, that travelers shall turn to the right in such season that neither shall be retarded in his progress by reason of the other occupying his half of the way which the law has assigned to his use. *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876. In the case now before us, the driver of the Ford truck failed in his duty to seasonably turn to the right. In addition to this, he was using his left hand in such a manner in the adjustment of the rear vision mirror as to mislead those in the approaching car, in that they believed it to be a signal that he intended to turn to the left. Had the Ford seasonably turned to the right, the accident would not have happened, and failing to do so was

negligence which contributed to the injury and bars a recovery.

[2] The only other question is, whether the appellant has a right to recover upon her cross-complaint. As the cars approached, she slowed the speed of the Studebaker car from twenty to fifteen miles an hour. Had she sounded her horn or stopped, the accident would not have happened, and this would have been the conduct of a reasonably prudent person. There are cases which hold that there may be an emergency sufficiently great to justify the turning to the left to avoid a head-on collision. *Shelley v. Norman,* 114 Wash. 381, 195 Pac. 243. The present case, however, does not present such a state of facts.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss both claimed causes of action.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.