[No. 20397.  Department One.  April 15, 1927.]

R. A. LUTHER, *Appellant,* v. PACIFIC FRUIT & PRODUCE COMPANY, *Respondent.*[1]

[1] HIGHWAYS (53, 57)—NEGLIGENT USE—MEETING OF MOTOR VEHICLES—QUESTION FOR JURY. It is not contributory negligence, as a matter of law, for the driver of an automobile to fail to stop or sound his horn when he sees another approaching on the wrong side of the road, where such other observed his approach, the question being one for the jury.

[2] SAME (53, 57). The driver of an automobile is not guilty of contributory negligence, as a matter of law, in turning to the left to avoid a head on collision with a car approaching on the wrong side of the road, it being for the jury to determine whether the emergency justified such action when he saw, or thought that he saw, that the other was not going to get out of the way.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered May 22, 1926, upon the verdict of a jury in favor of the defendant, in an action for damages resulting from a collision of motor vehicles. Reversed.

*Grady & Velikanje,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

MAIN, J.—The plaintiff brought this action to recover for personal injuries and also for damages to an automobile owned and driven by him at the time it collided with an automobile owned by the defendant and operated by one of its agents. The defendant responded by answer and a cross-complaint in which it sought damages to its automobile. The cause came on for trial before the court and a jury. At the conclusion of all the evidence, defendant moved for a directed verdict as against the plaintiff and, after the court had indicated

[1]Reported in 255 Pac. 365.

a probable intention of granting the motion, moved for a voluntary nonsuit as to its cross-complaint. Both motions were granted. A directed verdict was returned in favor of the defendant, and from the judgment entered upon the verdict, the plaintiff appeals.

The accident out of which the litigation arose occurred on November 18, 1925, at about ten o'clock a. m. on a highway that extends east and west in Yakima county. To the east of the place of the accident was a hill or elevation. To the west was also a hill or similar elevation. The distance between the two was approximately a quarter of a mile. Through this lowland a fill had been made four or five feet high upon which was the roadway. The road was approximately thirty feet wide, the graveled or traveled portions thereof being about twenty feet. Across this fill was a bridge. The appellant was proceeding east and had come down the hill to the west and across the bridge. The respondent's car driven by one Albert H. Lizee, approached from the east. The accident happened a few feet to the east of the bridge. The appellant testified that he was on his right hand side of the road and that Lizee was on his left or wrong side of the road. The appellant saw the respondent's car approaching, and when it was a few feet distant, attempted to make a turn to the left to avoid the collision. As he did so, Lizee also turned to his right or toward the center of the road. The appellant attempted to turn back to his own right hand side of the road and the cars came together. The appellant did not sound his horn or stop when he saw Lizee approaching on the wrong side of the road. When an accident appeared to him to be imminent, if he had turned to the right, he would have gone into the ditch at the side of the road. If he had gone straight ahead it appeared that the cars must come together. In the

emergency, he attempted to turn to the left. Lizee testified that he saw the appellant's car approaching and that he was not on his left or wrong side of the road but driving a little to the right of the center thereof with the left wheels of the automobile over a ridge in the center of the road which had been left by the road grader. The appellant testified that Lizee was looking off into an adjacent field where there were some men standing.

[1] The remarks of the trial judge at the time of granting the motion for a directed verdict indicate that the court was of the opinion that the appellant was guilty of contributory negligence as a matter of law, because he did not either sound his horn or stop as he saw Lizee approaching him on the wrong side of the road. The motion did not come until the evidence was all in and must be considered in the light of the evidence then in the record, and not necessarily upon the appellant's testimony alone. Lizee, as stated, testified that he saw the appellant's car approaching. Having seen and observed the car, sounding the horn would have been no additional efficacy in avoiding the accident and cannot be said to have contributed thereto. *Van Dyke v. Johnson*, 82 Wash. 377, 144 Pac. 540. It cannot be said, as a matter of law, that the appellant was guilty of contributory negligence which would bar a recovery because he did not stop. If his testimony be true that Lizee was looking at the men in the field adjacent to the road, and the position of the cars was as he described them, stopping was not a duty under the circumstances imposed upon him by law. Whether he should have done so was a question for the jury to determine. It is said that the trial court, in directing the verdict and in holding that it was contributory negligence as a matter of law on the part of the appellant not to sound his

horn or stop, relied largely upon the case of *Geitner v. Stephenson,* 137 Wash. 464, 242 Pac. 1099. That case, however, was tried to the court without a jury, and upon appeal the court reviewed and considered the evidence. It is said in the opinion that, had the cross-complainant sounded his horn or stopped, the accident would not have happened, and this would have been the conduct of a reasonably prudent person. That statement was made when the court were considering the facts, and it was not the intention to there hold that the cross-complainant was guilty of negligence as a matter of law. The case now before us, being tried to the jury, the question for the court to determine is not the weight of the evidence or the inferences to be drawn therefrom, but whether there was substantial evidence which would take the question to the jury.

[2] The next question is whether the appellant was guilty of negligence as a matter of law in turning to the left. One driving an automobile along a public highway who sees a car approaching on the wrong side of the road has a right to assume that the driver thereof will observe the law of the road and seasonably turn over to the right, and he may proceed upon this assumption until he sees or, in the exercise of ordinary care ought to see, that his assumption is unwarranted. When the appellant became aware, or in the exercise of ordinary care should have become aware, that an accident was imminent, he was bound to look out for himself and to exercise the care of a prudent man for the purpose of avoiding an accident. Berry on Automobiles (3d ed.), § 785; 29 C. J. p. 651; *Muehlbauer v. Klokner,* 161 Wis. 410, 154 N. W. 624; *Hatch v. Daniels,* 96 Vt. 89, 117 Atl. 105. In the case last cited it is said:

"One thus driving an automobile along a public highway, who sees a car approaching on the wrong side of the road, has, at the outset, a right to assume that it

will observe the law of the road, and seasonably move over to its right so as to pass without interference; and he may proceed on this assumption until he sees, or in the circumstances ought to see, that it is unwarranted. This is an application of the rule that ordinarily one may regulate his own conduct on the assumption that others will act reasonably and lawfully. But this presumption must not be persisted in after the actor knows facts showing that it will not be true. So when this plaintiff saw, or ought to have seen, that this car would not get out of his way, he was bound to look out for himself, and to exercise the care of a prudent man, not only to avoid injuring others, but also to protect himself from injury."

Whether such an emergency existed as justified the appellant in turning to the left to avoid an accident, and whether under this emergency the respondent acted with due prudence, was a question of fact for the jury. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by one who inflicts injury upon him, but leaves it for the jury to say whether, under the circumstances, the act in seeking to avoid the danger was that of an ordinarily prudent man. In *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529, it is said:

"Being in imminent danger, an emergency was presented, and whether, under this emergency, the respondent acted with due prudence is, under all the authorities, a question of fact for the jury. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by the one who inflicts injury upon him, leaving it for the jury to say under such circumstances whether the act in seeking to avoid the danger was the act of an ordinarily prudent man. It is true, we have said in a number of cases, and it is undoubtedly the law, that the failure to observe the law of the road is negligence. But this rule must be applied in connection with the circumstances under which its observance is called for, and as applied to the facts in this

case, we do not think that we can say, as a matter of law, that respondent's act was such as to preclude his recovery."

We cannot say that the appellant was guilty of contributory negligence in any of the respects contended for which, as a matter of law, would preclude a recovery. The question was one of fact to be determined by the jury.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.