[No. 23165.   Department Two.   August 24, 1931.]

H. A. THOMSON, *Respondent*, v. OSCAR F. SCHIRBER *et al., Appellants.*[1]

*George M. Ferris* and *James Emmet Royce,* for appellants.

*S. Edelstein,* for respondent.

MILLARD, J.—Plaintiff brought this action to recover for personal injuries and damages to his automobile, resulting from a collision with the automobile of the defendants, who, by cross-complaint, prayed recovery for personal injuries and damages to their automobile. The cause was tried to the court, which found that the defendants' negligence was the proximate cause of the

[1] Reported in 2 P. (2d) 664.

accident. From judgment for five hundred dollars in favor of the plaintiff, the defendants have appealed.

Appellants contend that they are entitled to an affirmative judgment in their favor, as they did not drive their car in such a manner as to prevent the respondent's car from passing freely on the highway. Appellants also insist that respondent is not entitled to recover, as his negligence in driving at an excessive speed and failing to sound his horn was the proximate cause of the accident.

The collision occurred about ten o'clock of the forenoon of September 23, 1929, on the Sunset highway about one-half mile west of Reardan. The appellants were proceeding in their automobile on that highway in a westerly direction at the rate of twenty to twenty-five miles an hour. Respondent was driving his automobile in an easterly direction on that highway at thirty-five to forty miles an hour. Respondent drove around a curve and entered the straight east and west stretch of pavement. He then saw the appellants' automobile eight hundred feet to the east. While at the time of the collision it was raining, the visibility was good. The paved portion of the highway was eighteen to twenty feet wide, with an expansion joint in the center. On each side of the pavement was a shoulder about three feet wide which could be utilized as a part of the highway. However, the shoulders of the highway were of clay, and were wet and slippery the day of the accident.

There were six eye-witnesses to the accident: Respondent and his guest, the two appellants and their guest, and a man who was driving an automobile towards the west about one hundred and fifty feet behind the appellants.

Respondent testified that he first saw appellant's car eight hundred feet or more to the east as he came out

on the straightaway; that appellants' car was swaying back and forth or weaving across the highway; that, when about two hundred feet distant, he noticed appellants' automobile was on the south side or respondent's right side of the highway; that, to avoid a collision, he reduced the speed of his automobile to thirty-five miles an hour, driving off on the shoulder of the road, the two right wheels of his automobile being a foot or more off of the pavement on the right or south shoulder; that, as the cars came together, apparently appellants' car was swung over towards appellants' right side to avoid the collision. The left rear wheel and fender of the appellants' automobile struck the left front wheel and fender of the respondent's automobile. Respondent's guest did not testify.

Appellants testified that they were on their right side of the road when the accident happened. They denied, as did their guest, that appellants' car was swaying from one side of the road to the other side. Appellant husband testified that he saw the approaching car of the respondent when it was one-fourth of a mile west of appellants' car. The witness who was driving behind the appellants testified that he did not notice the swaying of appellants' automobile; that the appellants' automobile was about half way over the center of the highway on the south side or respondent's right side of the highway when the two cars collided.

After the collision, the whole car of appellants was south of the center of the highway. The right rear wheel was twenty-two inches south of the center of the highway. From the testimony as to the physical facts, it appears that appellants' automobile was on the south side of the highway, appellants' left side; that, to avoid colliding with respondent's car, the appel-

lants swung their car so that, at the time of the impact, their car was across the highway at an angle of about forty-five degrees and remained twenty-two inches south of the expansion line on the wrong side or respondent's right hand side of the highway after the crash; that appellants' car proceeded forward six to ten feet following the collision and angled to the north towards appellants' right hand side, one to two feet from the point of collision.

The tracks of the right wheels of respondent's automobile showed for a distance of one hundred and fifty to one hundred and seventy-five feet on the right shoulder of the road about one foot from the edge of the pavement. Those tracks distinctly disclosed the course of respondent's automobile to the time of the collision, the tracks then disappearing over the right shoulder of the highway where the respondent's car turned over and landed next to the embankment.

One of appellants' witnesses testified that, immediately subsequent to the accident, he appeared upon the scene; that he got out of his car to take the injured persons to the hospital; that he stopped his car, which was headed east and partly on the right shoulder of the highway in, as appellants contend, substantially the same situation as the respondent's car was before it tried to come back on the paved portion of the highway; that he, traveling slowly, had no difficulty in passing the appellants' car as it was located on the highway after the accident, and that he was not required to leave the pavement to clear the appellants' car. This, argue appellants, establishes the fact that respondent had sufficient clearance if he had operated his car properly; that, in attempting to regain the paved portion of the highway, the respondent's car swerved and hit appellants' car because of the slippery

condition of the shoulder and the paved portion of the highway and the excessive speed at which respondent was then traveling.

There was testimony, which the findings reflect the trial court believed, establishing the negligence of the appellants. There was substantial testimony which, if believed, refutes the charge that the negligence of the respondent was the proximate cause of the collision. The trial court was in a better position than we to pass on the testimony.

The physical facts disclose that appellants occupied six feet six inches of the south side, or respondent's right side of the highway. Each automobile was four feet eight inches wide. Appellants' automobile after the crash was twenty-two inches south of the center line of the pavement. The pavement was twenty feet wide, that is ten feet south of and ten feet north of the expansion joint. If the respondent was traveling one foot over on the right shoulder of the highway, the space on the south side of the highway would be eleven feet wide. Subtracting from that eleven feet the six feet six inches occupied by the appellants' automobile, the respondent would have four feet six inches of space through which to pass an object four feet eight inches wide. That is, he had a space of four feet six inches through which to operate his car which was four feet eight inches wide, or two inches wider than the space he was supposed to occupy. That simple computation demonstrates where the blame for the collision lies. The location of appellants' automobile after the accident also establishes the fact that appellants' automobile was on the south side or respondent's right side of the highway at the time of the collision.

Appellant husband saw the oncoming car of respondent, and to avoid collision therewith the car of appel-

lants was swung to the appellants' right side of the highway. Too late. In swinging their car, the rear left wheel thereof struck or was hit by the left front wheel of respondent's automobile. Immediately following the impact the appellants' car was across the highway at an angle of about forty-five degrees, the right rear wheel farther south of the expansion joint than the right front wheel.

If respondent's automobile struck the appellants' automobile while respondent was, as appellants contend, swerving to the north or appellants' right side of the highway in attempting to regain a place on the paved portion of the highway, and then, realizing his danger, the respondent steered his car to the south, or respondent's right side of the highway, to avert the accident, the appellants' car would not have been in the position it was found following the collision. The right front wheel of appellants' automobile would have been farther south of the expansion joint than the right rear wheel when their car stopped after the impact.

The argument that respondent's car dragged appellants' car to the south or on respondent's right side of the highway is not borne out by the facts. Respondent's car immediately following the collision went over the embankment; appellants' car travelled forward six to ten feet.

While, of course, the respondent had the right to assume that the driver of the automobile approaching from the east would exercise due care and steer his car on to that driver's right hand side of the highway, the respondent could not, for that reason, omit any of the care the law required of him. Certainly, the respondent would not be authorized, by reason of the fact that appellants' automobile was on the wrong side

of the highway, to run down that automobile. The respondent would be required under such circumstances to exercise the care of a prudent man for the purpose of avoiding an accident.

"One driving an automobile along a public highway who sees a car approaching on the wrong side of the road has a right to assume that the driver thereof will observe the law of the road and seasonably turn over to the right, and he may proceed upon this assumption until he sees or, in the exercise of ordinary care ought to see, that his assumption is unwarranted. When the appellant became aware, or in the exercise of ordinary care should have become aware, that an accident was imminent, he was bound to look out for himself and to exercise the care of a prudent man for the purpose of avoiding an accident. Berry on Automobiles (3d ed.), § 785; 29 C. J. p. 651; *Muehlbauer v. Klokner,* 161 Wis. 410, 154 N. W. 624; *Hatch v. Daniels,* 96 Vt. 89, 117 Atl. 105. In the case last cited it is said:

" 'One thus driving an automobile along a public highway, who sees a car approaching on the wrong side of the road, has, at the outset, a right to assume that it will observe the law of the road, and seasonably move over to its right so as to pass without interference; and he may proceed on this assumption until he sees, or in the circumstances ought to see, that it is unwarranted. This is an application of the rule that ordinarily one may regulate his own conduct on the assumption that others will act reasonably and lawfully. But this presumption must not be persisted in after the actor knows facts showing that it will not be true. So when this plaintiff saw, or ought to have seen, that this car would not get out of his way, he was bound to look out for himself, and to exercise the care of a prudent man, not only to avoid injuring others, but also to protect himself from injury.' " *Luther v. Pacific Fruit & Produce Co.,* 143 Wash. 308, 255 Pac. 365.

It must be borne in mind, as we said in *Luther v. Pacific Fruit & Produce Co., supra,* that,

"The law does not scrutinize too carefully an act done by one who has been put in a position of danger by one who inflicts injury upon him,"

and that the question is whether, under the circumstances, the act in seeking to avoid the danger was that of an ordinarily prudent man.

Appellant husband saw respondent's automobile when it was one-fourth of a mile distant, yet continued to drive on the wrong side of the highway, occupying so much thereof that it was impossible for the respondent to pass, though respondent went over on the clay shoulder of the highway, of which he used one-third, to avoid a collision. The speed of the respondent was lawful. It can not be said that, had the respondent been driving slower, or had he sounded his horn, the accident would not have happened. Neither omission was the proximate cause of the collision. Had the automobile of the respondent been standing still at the point where the collision occurred, where the respondent had a right to be, the accident would have happened just as it did happen. Appellant husband saw the respondent's automobile continuously for one-fourth of a mile until the accident occurred. One sense, that of sight, did not serve the appellant husband. It is quite likely that the sense of hearing would have been as useless.

Only one course was open to the respondent, other than that followed by him, that of running his car farther over on to the slippery clay shoulder, which would probably have landed his car in the ditch. The respondent was in imminent danger. An emergency created by another (appellant husband) was presented. We can not hold that, under this emergency, the respondent did not act with due prudence, and that as a

matter of law his act was such as to preclude his recovery.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, and BEELER, JJ., concur.

BEALS, J., concurs in the result.