Deborah **BURCH** et al., Respondents,

v.

Howard Odis **KING**, Appellant.

No. 36934.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 12, 1977.

Roberts & Roberts, Geoffrey L. Pratte, Farmington, for appellant.

No appearance for respondents.

ALDEN A. STOCKARD, Special Judge.

The four minor children of William Joseph Burch, deceased, brought this action for the alleged wrongful death of their father which resulted from a three-vehicle collision. The defendants were Jesse Floyd Reed, the operator of one of the vehicles, and Sherry Dell Reed, his wife, who was a passenger; Howard Odis King, the operator of one of the other vehicles, a pick-up truck; and Lawton Roberts, the owner of a horse that was killed, apparently by deceased's vehicle. King filed a cross-claim against Roberts and the two Reeds for personal injuries and property damage, and the two Reeds filed a cross-claim against King for personal injuries. At the close of their evi-

dence, plaintiffs dismissed their petition as to Roberts. We find no dismissal of King's cross-claim as to Roberts, but there was no submission to the jury of any claim as to him, and we consider that part of the cross-claim to have been abandoned.

The jury found against all cross-claimants on their individual claims, and awarded damages in favor of plaintiffs and against Jesse Floyd Reed and Howard Odis King in the amount of $30,000.00. Only King has appealed, and the term appellant shall refer only to him.

█ Plaintiffs-respondents have not filed a brief. We recognize that under the present Supreme Court Rules there is no penalty for such failure, but the practice is not to be favored. A brief by respondent should be helpful to an appellate court and is a "part of the proper and orderly appellate process." *Shephard v. Hunter*, 508 S.W.2d 234, 237 (Mo.App.1974).

We note here that a substantial portion of the testimony was given with reference to a prepared diagram of the accident area and to photographs, none of which have been filed with this court; a most undesirable procedure when, as in this case, some of the issues for appellate review require reference to that testimony of witnesses in which reference was made to the diagram and photographs.

Shortly after 1:00 o'clock in the morning of March 25, 1973, Jesse Reed was operating his Ford automobile with his wife as a passenger west bound on Highway W. between Farmington and Doe Run in St. Francois County. The highway was twenty-two feet in width and had a black asphalt surface. At the time it was misting rain and the road surface was wet. William Joseph Burch, the deceased, was following the Reed automobile. Jesse saw a horse on the shoulder of the highway, and according to his testimony, he stopped his automobile in the westbound traffic lane and got out of his automobile to attempt to catch the horse. Mr. Burch stopped his automobile approximately sixty feet from the Reed automobile. Jesse testified that after he stopped he looked back in his rear view mirror and saw Mr. Burch get out of his automobile. Apparently it was the Burch automobile that struck and killed the horse, but this is not clear from the evidence. There was some damage to the right front portion of the Burch automobile, but the body of the dead horse was lying off the highway forty-two feet westward, or ahead, of the Burch automobile.

King was operating his 1973 Chevrolet pick-up truck eastward on Highway W about 50 miles an hour. He rounded a curve and saw automobile headlights, as he said, "on my side of the road." He applied his brakes and "locked it up" and his truck began to slide. He stayed on his side of the highway until his truck collided with the Reed automobile "head on." His truck then went into a spinning action. The left front portion struck the left front side of the Burch automobile, and the truck spun around out of control and the back part then hit the left rear part of the Burch automobile. The truck ended up in the ditch on the south side of the highway headed westward.

Mr. Burch's body was found in the highway seventy feet from the centerpost of his automobile and to the rear, or eastward, of it. Exactly what caused the death of Mr. Burch is not disclosed by the evidence, but King stipulated that the death of Mr. Burch resulted from the "collision occurrences."

Appellant's first point is that the trial court erred in overruling his motion for a directed verdict because Burch was contributorily negligent as a matter of law in parking his automobile at night on the traveled portion of the highway without lights. Appellate cites *Wilber v. Mana*, 356 S.W.2d 88 (Mo.1962), and *Glenn v. Offutt*, 309 S.W.2d 366 (Mo.App.1958), but could have cited many additional cases, to the effect that it is negligence per se for one having custody of a motor vehicle to allow it to remain at rest on a highway without lights during the period when lights are required.

Appellant argues that there was "no evidence indicating that the lights on the parked vehicle of plaintiffs' decedent were turned on at the time of the accident." We do not agree. Jesse Reed, called as an adverse witness by plaintiffs, testified that as he sat on the highway after he had stopped he saw the lights of an automobile approaching from the rear. This had to be the Burch automobile. The following then occurred:

Q. At any time did you see those lights go out?

A. No. sir.

Q. Were those lights on at the time your car was struck?

A. I'd, I'd have to say—All I could say is I believe they were, I'm not sure.

Q. You did not consciously—

THE COURT: I missed that. They were on or off?

A. I'm not sure.

THE COURT: I know. But you best opinion is which?

A. Well, my best opinion would be that they were on.

It is true that on cross-examination, Jesse testified that he did not pay "close attention" as to whether the headlights on the Burch automobile were on when he saw the decedent get out of the automobile, and that he could not "swear to it under oath" that the headlights were on or off. Sherry Reed testified that she saw the Burch automobile come to a stop behind the Reed automobile, but that she did not see Mr. Burch get out of his automobile. When asked whether the Burch automobile had its headlights turned on, she replied, "I can't remember." Also, King testified that as he "popped around the curve all I seen was the car on my side of the road." He further testified that he recalled seeing only the headlights "coming facing me" and that he saw two headlights "on my side of the road."

The burden of establishing contributory negligence on the part of plaintiffs' decedent was on appellant unless it was established as a matter of law by plaintiffs' evidence. With the burden on the defendant, the issue of contributory negligence is usually for the jury, especially where there is a conflict in the testimony, or the testimony is not definite. *Thompson v. Byers Transp. Co.*, 362 Mo. 42, 239 S.W.2d 498 (1951). Contributory negligence as a matter of law may be found only when reasonable minds can draw only the one conclusion of negligence. Whether Burch was contributorily negligent as a matter of law in this case turns on an issue of fact: did he stop his automobile on the highway without lights? There is evidence consisting of the testimony of Jesse that the lights were on and he did not see those lights go out even though he saw Mr. Burch leave the automobile. Admittedly, there was evidence which implied, or at least permitted an inference, that the lights were not turned on, but this results only in the issue being one for the jury.

We mention one thing further. The Burch automobile was in the westbound lane. There is no question about that. The King truck struck the Reed automobile, and according to King that collision occurred in the eastbound lane. It was only after this and after the King truck went into a "spinning" motion out of control that it entered the westbound lane and struck the Burch automobile or Mr. Burch. Therefore, assuming the headlights on the Burch automobile were not on, we fail to see how that negligence could have been the proximate cause of any collision which resulted in the death of Mr. Burch.

The trial court properly submitted the issue of contributory negligence on the part of Mr. Burch to the jury.

Appellant next challenges Instruction No. 6, the verdict-directing instruction which submitted as negligence on the part of King that he "drove at a speed which made it impossible for him to stop within the range of his visibility." Appellant asserts that there was no evidence to show how this contributed to the death of Mr. Burch. He

argues that there was substantial evidence that Reed was approaching King in King's lane, and plaintiffs presented no evidence that had King been able to stop within his range of visibility, the Reed-King collision would have been avoided. But we note, the important issue is not whether the Reed-King collision would have been avoided, but whether injury to Mr. Burch would have been avoided.

█ The actual stopping distance for King's truck at the speed it was traveling was a greater distance than that from the point where the Reed automobile first became visible to King to the point of impact. Appellant's argument that his speed, even if excessive under the circumstances, could not have been the proximate cause of the death of Mr. Burch is somewhat tenuous, and is as follows: (a) The Reed automobile was moving westward in the eastbound lane when King rounded the curve. (b) At most, 100 to 125 feet separated the King and Reed vehicles when King first saw the Reed vehicle. (c) If King "could have stopped in that distance, which was his range of vision, the accident would still have occurred because Reed was moving toward him, shortening the distance to less than his range of visibility in which to stop and avoid the accident." (d) Therefore, King's speed could not have been the proximate cause of the accident, apparently referring to the King-Reed collision.

Appellant cites four cases from other jurisdictions, *Coon v. Rieke*, 232 Iowa 859, 6 N.W.2d 309 (1942); *Snook v. Long*, 241 Iowa 665, 42 N.W.2d 76 (1950); *O'Malley v. Eagan*, 43 Wyo. 233, 2 P.2d 1063 (1931); *Thomas v. Schirber*, 164 Wash. 177, 2 P.2d 664 (1931), in which he asserts that it was held that "a driver who collided with a vehicle approaching him in the wrong lane was not guilty [of negligence] despite his speed, because his speed could not be considered the proximate cause of the accident." We do not agree with this broad assertion concerning the holdings in these cases. Each has a factual situation which makes the case inappropriate to the case

before us. There is no evidence of the speed of the Reed automobile, if it was in fact moving. But if the Reed automobile was standing still or moving westward, the King-Reed collision would have occurred because in either event at appellant's speed his stopping distance extended eastward of where the King-Reed collision occurred or would have occurred if the Reed automobile was not moving. Appellant argues that since the Reed automobile was moving toward him, the point of collision was westward of the point of visibility, and therefore, even if he could have stopped within the limit of visibility the collision between his truck and the Reed automobile would have occurred. However, the place of the collision would be based on pure speculation and conjecture because there is no evidence of the speed of the Reed automobile; not even an estimate. If the evidence was that appellant could have stopped within the limit of his visibility, the contention could be considered meritorious, but since appellant could not have stopped before colliding with the Reed automobile if it was standing still, it is immaterial that the collision occurred a few feet earlier because it was moving. There is no evidence from which it could be found that if the Reed automobile had not been moving, the King truck would not have spun out of control and into contact with the Burch automobile or with Mr. Burch. We find no error in the submission of Instruction No. 6.

Appellant's final point is that the court erred in giving instruction No. 25, because it "deviated from MAI and in doing so commented on the evidence and excluded from the jury's consideration negligence submitted against one defendant, even though plaintiff[s] kept three defendants in the case and submitted acts of negligence against all three." Appellant asserts this confused the jury as evidenced by its failure to name Sherry Reed in the verdict, and that "the trial [court erred] in amending the verdict while the jury was still present and not yet discharged."

Certain background information is necessary. Immediately following the accident,

Jesse Reed and his wife Sherry both told the investigating Highway Patrolman that Sherry was operating the Reed automobile at the time of the accident. At trial both admitted they had lied to the patrolman, and that Jesse was the operator. They explained that they had lied because Jesse already had points against his driving record.

Plaintiffs submitted negligence against King in that he drove at a speed which made it impossible to stop within the range of his visibility, or drove on the wrong side of the road. They also submitted in two separate instructions negligence on the part of Jesse Reed and Sherry Reed in that each "drove on the wrong side of the road, or failed to keep a careful lookout." Jesse and Sherry could not both have been driving the Reed automobile. While the two instructions are not labeled as being in the alternative, they necessarily had to be.

In the Forms of Verdict submitted to the jury we find the following: "If you find the issues in favor of the plaintiffs and against one or *two* defendants only, you should name the defendant or defendants against whom you find and also the defendant or defendants in whose favor you find. In such case your verdict may be in the following form:" (Emphasis added.)

Appellant admits that he recognizes the need to modify the instruction "to provide for three rather than two defendants," but the modification made by plaintiffs, he says, "eliminate[d] completely" the first part of the Verdict Form which reads as follows:

> "If you find the issues in favor of the plaintiff and against both defendants, your verdict may be in the following form: 'We, the jury, find the issues in favor of the plaintiff, and against both defendants, and assess plaintiff's damage at $_____ (stating the amount).' "

■ Appellant asserts that the word "both" should have been deleted and the word "all" substituted to make allowance for the facts of this case. We cannot agree

with this contention. To substitute the word "all" for the word "both" would have made the instruction incorrect because the jury could not properly have found against "all" defendants on plaintiffs' claim, but at most only against King and one of the Reeds. We find no merit to this contention of appellant.

■ In appellant's last point he also makes, rather inadequately and somewhat obliquely, a reference to the "trial court's error in amending the verdict."

The court read the verdict that was handed to him by the foreman of the jury which was as follows: "We, the jury, find the issues in favor of the plaintiffs and against the defendant or defendants Howard Odis King and Jesse Floyd Reed and we assess plaintiffs' damages at $30,000.00." The form furnished the jury contained an additional sentence reading, "and we further find the issues in favor of the defendant or defendants _____ (here insert the name of the defendant or defendants in whose favor you find)." The jury had not written in the name of Sherry Dell Reed in the latter part of the form, and since she was not included in the first portion, there was no disposition of plaintiffs' alternative submission against her, except as would be necessarily inferred from the fact that the jury could not properly find against both her and her husband.

The trial judge then stated that "with your permission" he would add the name of Mrs. Reed so that the instruction would read that "you find in favor of the defendant Mrs. Reed." The foreman stated "That's the way we meant it, yes." The court then addressed the jury: "Is that the verdict of all of you then? That verdict, ladies and gentlemen, is that the verdict of each of you twelve?" The foreman replied, "It is." No objection was made by any party to the placing of Mrs. Reed's name on the verdict form to show that the verdict on plaintiffs' claim was in her favor.

It then developed that the verdicts on three cross-claims had not been entered at

the proper places, and after some discussion the court directed that the jury be returned to reconsider the verdicts on the cross-claims, but when it did so the court stated, referring to the verdict on plaintiffs' claim, "We will keep this, this verdict in which you said it is the verdict of each of you twelve." No request was made that the jury be required to reconsider the verdict on plaintiffs' claim, and no objection was made to it not being returned with the others for correction by the jury.

Appellant does not contend that the addition made by the court did not correctly set forth the intention of the jury. The better practice would have been for the court to require the jury to retire to reconsider its verdict after the infirmity had been called to its attention. *Cable v. Metropolitan Life Ins. Co.*, 233 Mo.App. 1093, 128 S.W.2d 1123 (1939). But it is the duty of the court to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding. 76 Am. Jur.2d Trial § 1208. Here, the verdict was insufficient in that it did not dispose of all issues. But, "the court has the power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury, and carry their findings into effect, where the intention can be ascertained with certainty, from statements of the jurors themselves, * * or any other clear and satisfactory evidence appearing in the record or the minutes of the trial; * * *." 89 C.J.S. Trial § 515. The mechanical act of the court in correcting the form of the verdict to correctly set forth the finding of the jury that plaintiffs were not to recover against Sherry Dell Reed was not prejudicial to appellant.

The judgment is affirmed.

SMITH, P. J., and NORWIN D. HOUSER, Special Judge, concur.