**Leroy WORKES and Leona M. Workes,
Plaintiffs-Appellants,**

v.

**EMBASSY FOOD ENTERPRISES, INC.,
Defendant-Respondent.**

No. 40088.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 26, 1979.

Vincent M. Igoe, Leonard P. Cervantes, St. Louis, for plaintiffs-appellants.

William Wallace Evans, Evans & Dixon, St. Louis, for defendant-respondent.

STEPHAN, Presiding Judge.

Leroy and Leona Workes appeal from a judgment entered upon a jury verdict in favor of defendant, Embassy Food Enterprises, Inc., on their claim for personal injuries alleged to have been suffered when Leroy (hereinafter plaintiff) fell on the premises of a Kentucky Fried Chicken store owned and operated by defendant. Plaintiff's motion to transfer to the Supreme Court, for a consideration of the issue of comparative negligence, prior to decision by this court is denied and discussed infra. We affirm the judgment.

The accident occurred on December 24, 1973, as plaintiff and a co-worker, Walter Bonnarens, were delivering supplies at the store in Eureka, Missouri. (Neither was employed by defendant.) Deliveries were generally made at the rear door of the store. To reach that door, plaintiff and Bonnarens parked their truck at the front of the store and carried the boxed supplies by hand along the north side of the build-ing. The ground on that side was black-topped and was level out to approximately four feet from the building; at that point, it began a slight incline up and away from the building. Two trash "dumpsters" were located along the side of the building and blocked the level area next to the building. Plaintiff and Bonnarens therefore had to walk on the slope for a short distance to get around the obstruction. Snow and ice had accumulated on the shaded north-side ground, and as plaintiff attempted to traverse the slope, he slipped and fell.

It was plaintiff's theory at trial that the fall was caused, not by the natural snow and ice, but by artificial ice cubes, which were used in packaging the frozen chickens delivered to the store and were thereafter, plaintiff alleged, disposed of on the north side of the building by defendant's employees. Plaintiff contended that the ice cubes were clear and that he had not seen them before he slipped on them. Defendant's primary defense was plaintiff's alleged contributory negligence for failure to keep a careful lookout. On cross-examination of plaintiff, defendant adduced that plaintiff was aware of the patchy accumulation of snow and ice in the area generally and on defendant's premises in particular; that plaintiff was aware of the slope along the north side of the store; that plaintiff recognized the hazard inherent in such a situation; that visibility was good on the day of the accident; and that, at the time he fell, plaintiff was carrying four boxes, which were stacked to the level of his mouth or nose and which therefore "somewhat" blocked his view of the ground. Plaintiff requested a jury instruction on comparative negligence, which instruction was refused by the court. Judgment was for defendant.

Plaintiff first alleges error in the trial court's exclusion of a photograph of the rear of the store. The photograph depicted a number of snow shovels, mops and brooms, and a number of empty cardboard cartons stacked outside the rear door. Plaintiff contends the picture was vital to his case because the presence of the snow removal equipment indicated that defend-

ant's employees were aware of the hazardous condition on the premises and had the means of removing it; and the empty boxes supported his theory that the packaging materials used to transport the frozen chickens—i. e., the boxes and the artificial ice—were discarded through the rear door by defendant's employees. Plaintiff attempted to qualify the photograph through the testimony of one of defendant's employees, Theresa Bube. When the court learned, however, on questioning outside the hearing of the jury, that Ms. Bube had not been working at the store on the day of the accident, it ruled the photograph inadmissible on the ground that the witness could not identify the picture as an accurate portrayal of the scene at the time pertinent to the inquiry.

■ We need not decide in this case whether the court's ruling was in fact erroneous:

"It is a well settled rule that any error in the exclusion of evidence is harmless where the same facts are shown by other evidence." *Long v. Hooker*, 443 S.W.2d 178, 181 (Mo.1969).

See also *Sampson v. Missouri Pacific Railroad Co.*, 560 S.W.2d 573, 587 (Mo. banc 1978); *Boland v. Jando*, 395 S.W.2d 206 (Mo.1965); *Boring v. Kansas City Life Insurance Co.*, 274 S.W.2d 233, 239 (Mo.1955). In this case, plaintiff elicited the information that defendant regularly kept snow removal equipment at the rear of the store from the testimony of Ms. Bube on direct examination and from the deposition testimony of a former employee of defendant; Ms. Bube also testified that the empty chicken cartons were stacked outside the rear door. Thus, the only arguably relevant facts for proof of which plaintiff offered the photograph were fully proven by other

evidence and were uncontroverted by defendant. We therefore rule that no prejudicial error was committed in the exclusion of the photograph.

Plaintiff next argues that on two occasions during closing argument defense counsel prejudicially misstated the law pertinent to the case. Counsel told the jury that "ordinarily no one is liable for the accumulation of natural ice and snow . . ."; and that "keeping in mind the type day this was, and the law as to snow and ice: Your verdict must be for defendant on both plaintiffs' claims for damages unless you believe each proposition submitted to you in Instruction No. 4." [1] No objection was made to either statement, but plaintiff urges that we consider them under the doctrine of "plain error." Rule 84.13(c).

■ We do not believe these remarks constituted misstatements of the law of this case. The duty of a proprietor of land to his business invitees is well settled.

"The owner or occupant of land is not an insurer of the safety of even a business invitee. The true basis of the owner's or occupant's liability is his superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. Thus the alternative duty to keep the premises in a reasonably safe condition for an invitee or to warn him of the dangerous condition applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the inviter but not known to the invitee, and would not be observed by the latter in the exercise of ordinary care. And where the condition relied on is so open and obvious that it is or should be as

---

1. Instruction 4 was as follows:

"Your verdict must be for the Plaintiff, Leroy Workes, if you believe:

First, there was ice on the driveway of Defendant's store and, as a result, the driveway was not reasonably safe for business visitors, and

Second, Plaintiff did not know and, by using ordinary care, could not have known of this condition, and

Third, Defendant knew or, by using ordinary care, could have known of this condition, and

Fourth, defendant failed to use ordinary care to remove it, and

Fifth, as a direct result of such failure, Plaintiff, Leroy Workes, was injured

unless you believe plaintiff is not entitled to recover by reason of Instruction No. 7."
(MAI 22.03 Modified)

apparent to the invitee as it is to the owner or occupant there is no duty on the latter to warn the invitee of the condition, and he is not liable for injuries resulting from such an open and obvious ·condition." (Citations omitted.) *Moran v. Hartenbach*, 423 S.W.2d 53, 56 (Mo. App.1967).

See also *Hokanson v. Joplin Rendering Co., Inc.*, 509 S.W.2d 107 (Mo.1974); *Sprague v. Riley*, 427 S.W.2d 263, 265 (Mo.App.1968). As noted, plaintiff attempted at trial to establish defendant's liability under the above-stated rule of law by proving that his fall was caused by artificial ice which was knowingly discarded by defendant's employees and which was not visible to plaintiff through the exercise of ordinary care because of its clarity. Defense counsel's remarks served merely as a reminder to the jury that defendant's liability could be predicated only on such a theory if the jury felt that the natural snow and ice presented a peril the severity of which was as apparent to plaintiff as it was to defendant (and there was no evidence that such was not the case here). The remarks would be erroneous statements of the law only if it could be said that snow and ice "ordinarily" accumulate in such a fashion that they present an unreasonably unsafe condition which is discoverable by a proprietor through the use of ordinary care yet is not discoverable by the proprietor's invitees in the exercise of the same degree of care. Common experience teaches that in the normal situation the degree of peril involved in such an accumulation is equally apparent to all. We find no "manifest injustice or miscarriage of justice" in the argument warranting further consideration under Rule 84.13.

■ Plaintiff further contends that the court erred in submitting the theory of his contributory negligence to the jury because it was wholly unsupported by the evidence. Plaintiff argues that there was no evidence that he failed to keep a careful lookout or that he could have seen the ice which caused his fall sooner than he did. Plaintiff's argument rests on an implicit assumption that his testimony established as a matter of law that the fall was caused by artificial ice and that that ice was not discernible through the exercise of ordinary care. Such, obviously, is not the case. Ordinarily, the question of contributory negligence is one for the jury. *Burch v. King*, 549 S.W.2d 919, 922 (Mo.App.1977). We believe the submission of the instruction on plaintiff's contributory negligence to have been clearly justified by evidence that plaintiff was aware of the danger presented by the icy incline; that visibility was good; that plaintiff carried the supplies in a manner which "somewhat" blocked his view of the ground; and that plaintiff's co-worker, Bonnarens, believed the fall to have been caused by natural ice. Cf. *Sprague v. Riley*, supra.

■ Finally, plaintiff argues persuasively and articulately that the trial court erred in failing to tender proffered instructions and special findings submitting the doctrine of comparative negligence to the jury. However, as a court of error, we follow the Missouri Supreme Court's most recent pronouncements on the issue of comparative negligence, *Epple v. Western Auto Supply Co.*, 557 S.W.2d 253 (Mo. banc 1977), and *Steinman v. Strobel*, 589 S.W.2d 293 (Mo. banc 1979), and hold that the trial court committed no error in its ruling. We deny plaintiff's motion for immediate transfer to the Supreme Court for consideration of the issue because we do not believe that this case, on its facts, presents a more compelling reason for the adoption of that doctrine than did the cases heretofore considered by that Court.

The judgment is affirmed.

KELLY and STEWART, JJ., concur.